EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE GUAYAMA, demandado; ELADIO CINTRÓN SÁNCHEZ, interventor.

Número: O-68-262          Resuelto: 13 de mayo de 1970

*Rafael A. Rivera Cruz, Procurador General, Peter Ortiz, Sub-procurador General Interino, y Américo Serra, Procurador General Auxiliar,* abogados del peticionario; *Carlos J. Irizarry Yunqué y Rafael González Pica,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El fiscal formuló acusación contra el aquí interventor, imputándole en dos cargos separados la comisión de un delito de contra natura, por hechos ocurridos entre el 21 y el 31 de diciembre de 1967.

A solicitud del acusado el fiscal especificó que los hechos alegados en el primer cargo ocurrieron el domingo 24 de diciembre de 1967 y los alegados en el segundo cargo, el

martes 27 del mismo mes y año, ambos después de las nueve de la mañana.

En 17 de julio de 1968, el acusado radicó una "Notificación sobre Defensa de Coartada" y al día siguiente solicitó se citaran trece testigos, indicando la dirección de éstos.

Días después el fiscal solicitó que el acusado le informara "(a) Nombre y dirección del testigo o testigos que habrá de utilizar para establecer la defensa de coartada anunciada." y (b) sitio en que se encontraba el acusado para la fecha en que ocurrieron los hechos imputádoles.

Sin que mediara orden del tribunal, el acusado suministró al fiscal los particulares solicitados por éste.

Obtenida esta información, el fiscal, sin mediar orden del tribunal, ni notificación al acusado, procedió a citar, bajo apercibimiento de desacato al tribunal, a todos los testigos anunciados por el acusado para establecer su defensa de coartada, "como testigos a investigarse" y les tomó declaraciones juradas.

En 2 de agosto de 1968, el fiscal había solicitado y obtuvo la suspensión de la vista del caso que estaba señalada el 5 de agosto, con el propósito de entrevistarse con los testigos de defensa. El mismo día 5 de agosto el acusado radicó una moción en solicitud de que se ordenara al fiscal desistir y abstenerse de tomar declaraciones a los testigos de defensa y que las ya tomadas fueran puestas a disposición del acusado, y que además se tomara cualquier otra medida para proteger sus derechos.

Se opuso el fiscal y luego de celebrarse una vista sobre el incidente, el tribunal de instancia dictó resolución en 31 de agosto de 1968, ordenando al fiscal "1—Que se abstenga en forma definitiva de interrogar a los testigos del acusado, informádoles como tales, excepto en el acto de celebrarse el juicio público en este caso y en la forma dispuesta por ley. 2—Que cualquier declaración que haya obtenido de los tes-

tigos del acusado, informádoles por éste como tales, es ilegal y nula y se abstenga de utilizarla para cualquier propósito en el caso."

Acordamos revisar la anterior resolución.

Para sostenerla el Procurador General concreta su tesis en la siguiente forma:

"Entendemos que el Artículo 11 del Código de Enjuiciamiento Criminal (34 L.P.R.A., Sec. 11) no impide al fiscal citar e interrogar a los testigos anunciados por el acusado para sustanciar la defensa de coartada. Para que la Regla 74 de Procedimiento Criminal—según interpretada por este Hon. Tribunal Supremo en el caso de *Pueblo* v. *Tribunal Superior*, 92 D.P.R. 116 (1965)—tenga contenido real, es indispensable que el ministerio público tenga la facultad de citar y entrevistar los testigos que el acusado se propone utilizar para sustanciar la defensa de coartada. Es mediante el interrogatorio de esos testigos que el fiscal puede investigar sobre los méritos de la defensa de coartada interpuesta por el acusado, para así poder estar en condiciones de refutar dicha defensa o de allanarse a ella en caso de que eso fuera lo procedente." (Petición, pág. 3).

Discrepamos. La Regla 74 de Procedimiento Criminal impone la obligación al acusado, cuando éste hiciere alegación de no culpable e intente establecer la defensa de incapacidad mental en el momento de la comisión del delito o cuando su defensa fuere de coartada, de dar un aviso al efecto al tribunal por lo menos 10 días antes del juicio con notificación al fiscal.(1) Interpretando esta Regla 74 dijimos

---

(1)"Regla 74. Alegación de No Culpable; Notificación de Defensa de Incapacidad Mental o Coartada

"Cuando el acusado hiciere alegación de no culpable e intentare establecer la defensa de incapacidad mental en el momento de la alegada comisión del delito imputádole, o cuando su defensa fuere la de coartada, deberá, por lo menos diez días antes del juicio, presentar en el tribunal un aviso al efecto, con notificación al fiscal. Si el acusado no presentare dicho aviso no tendrá derecho a ofrecer evidencia tendente a establecer tales defensas. El tribunal podrá, sin embargo, permitir que se ofrezca dicha evidencia cuando se demostrare la existencia de causa justificada

en *Pueblo* v. *Tribunal Superior*, 92 D.P.R. 116 (1965), que al adoptarla Puerto Rico se sumó a las jurisdicciones que requieren una notificación anticipada de las defensas de locura y coartada, consagrando así estatutariamente al ministerio fiscal un medio de descubrimiento de prueba anterior a la celebración del juicio. Sin embargo, delimitamos el alcance del descubrimiento autorizado por esta regla a que el acusado suministre al ministerio público (a) el nombre y dirección de los testigos, incluyendo los peritos, que se dispone utilizar para establecer la defensa de locura, excluyendo su propio testimonio, y (b) la prueba documental que se dispone a utilizar para sustanciar tal defensa.

■ El Art. 11 del Código de Enjuiciamiento Criminal, no fue derogado por las Reglas de Procedimiento Criminal, por no ser el mismo incompatible o contrario a dichas reglas. Regla 254 de Procedimiento Criminal. Dispone dicho artículo, que el fiscal no deberá "interrogar a los testigos del acusado, excepto en el acto de celebrarse el juicio." Contrario a lo que sostiene el Procurador General, este artículo impide al fiscal citar y tomar declaraciones juradas a los testigos del acusado antes del juicio, según se hizo en este caso. El descubrimiento de prueba autorizado por la Regla 74, no deja sin efecto las disposiciones del susodicho Art. 11. No podemos convenir en que de no permitirse al fiscal que antes del juicio se entreviste y tome declaraciones juradas a los testigos del acusado que han de ser utilizados por éste para establecer su defensa de locura o coartada, la Regla 74 carecería de contenido real porque el fiscal no podría estar en condiciones de refutar dicha defensa o de allanarse a ella. Tal argumento ignora el hecho de que una vez identificados

---

para haberse omitido la presentación del aviso. En tal caso, el tribunal podrá decretar la posposición del juicio a solicitud de El Pueblo, conceder permiso para la reapertura del caso de El Pueblo, o proveer cualquier otro remedio apropiado."

los testigos del acusado por sus nombres y direcciones, se pone al fiscal en condiciones de practicar una amplia investigación sobre dichos testigos. Puede el fiscal determinar mediante esa investigación y valiéndose de terceras personas o documentos, si los testigos de la coartada estaban realmente presentes en el sitio donde alega el acusado que se encontraba en el momento de la comisión del delito y de obtenerla, presentar prueba para contradecir a dichos testigos en el acto del juicio. El paradero de una persona en determinado día y hora puede ser descubierto mediante el testimonio de otras personas o de evidencia documental. A los fines de impugnar la veracidad de los testigos del acusado el fiscal puede también investigar si alguno de ellos ha sido convicto de delito grave (*felony*) o que su reputación en cuanto a veracidad, honradez o integridad es generalmente mala. Artículo 520 Código de Enjuiciamiento Civil de 1933, o que con anterioridad al juicio hizo manifestaciones incompatibles con su actual declaración, Art. 521 Código Enjuiciamiento Civil de 1933.

■ Disposiciones estatutarias proveen al acusado medios para el descubrimiento de prueba. Por ejemplo, hemos resuelto que las disposiciones del Art. 11 del Código de Procedimiento Criminal no prohíben que el acusado se entreviste con e interrogue a los testigos de cargo. *Hoyos Gómez* v. *Tribunal Superior*, 90 D.P.R. 201 (1964). La Regla 95 de Procedimiento Criminal dispone que a moción del acusado el tribunal podrá ordenar al fiscal que produzca para ser inspeccionados, copiados o fotografiados por el acusado o su abogado, determinados objetos, libros, documentos y papeles que no fueren declaraciones juradas, con la excepción de la declaración del propio acusado, que el Pueblo hubiese obtenido del acusado o de otras personas mediante orden judicial o de otro modo y que pudieren ser necesarios para la preparación de la defensa del acusado, independientemente de

que el Pueblo se propusiere ofrecerlo en evidencia o de que los mismos fueren admisibles en evidencia.

Si en cuanto a los medios de descubrimiento de prueba sitúan al Pueblo en desventaja frente al acusado y si conviene a una mejor administración de la justicia penal que se equiparen es cuestión a ser determinada por las leyes y no mediante una decisión judicial.

█ Resolvemos ahora que estando delimitado el alcance del descubrimiento de prueba a lo expresado en *Pueblo* v. *Tribunal Superior*, supra, dicha regla no autoriza al fiscal a citar bajo apercibimiento de desacato al tribunal y a tomarle declaraciones juradas a los testigos anunciados por el acusado para sustanciar su defensa de coartada.

█ Sabemos que la Regla 235 de Procedimiento Criminal autoriza al fiscal a expedir citaciones para la comparecencia y examen de testigos a los fines de la investigación de un delito y que la Ley Núm. 3 de 18 de marzo de 1954 (Ley de Inmunidad de Testigos) hace obligatoria la comparecencia de testigos citados por cualquier fiscal o magistrado, en cualquier investigación, procedimiento o proceso criminal. Sin embargo, la facultad del fiscal para expedir citaciones para la comparecencia y examen bajo juramento de testigos a los fines de la investigación de un delito, no es tan absoluta como para autorizarle a citar y examinar bajo juramento a los testigos del acusado pues el Art. 11 del Código de Enjuiciamiento Criminal se lo prohíbe.

En este caso, el fiscal había practicado la investigación del delito y había formulado la correspondiente acusación contra el acusado.

█ No podemos convenir tampoco en que la prohibición del Art. 11 tiene vigencia únicamente en los casos en que el acusado no notifica que su defensa sería la de locura o coartada. No ha podido ser el propósito de la Regla 74 poner en situación distinta al acusado que anuncia las indicadas de-

fensas y aquél que se limita a hacer alegación de no culpable, en tanto en cuanto faculte al fiscal a citar y tomar declaraciones juradas a los testigos de defensa, en un caso sí y en el otro no.

■ Ante la acción del fiscal, en este caso, fue correcta la resolución del tribunal de instancia, ordenando poner a disposición del acusado las declaraciones juradas tomadas por el fiscal a los testigos del acusado, y prohibiéndole hacer uso de dichas declaraciones. Consideramos que ésa era la medida más apropiada para proteger al acusado de las consecuencias de la violación del Art. 11 por parte del fiscal.

*Se anulará el auto expedido y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.