*In re* RIGOBERTO FELICIANO, JUEZ DE PAZ DE MARICAO, querellado.

*Número:* O-76-463          *Resuelto:* 23 de febrero de 1978

*Héctor A. Colón Cruz, Procurador General, Roberto Armstrong, Jr., Justo Gorbea Varona, Procuradores Generales Interinos, e Ivette Berríos de Mercado, Procuradora General Auxiliar,*

abogados de El Pueblo; *José A. Andreu García, Enrique Alcaraz Micheli, Manuel E. Andreu García* y *Rafael Irizarry Cruz,* abogados del querellado.

PER CURIAM: El 25 octubre, 1976, el Sr. Procurador General presentó ante este Tribunal una querella en que imputa al Juez de Paz de Maricao, Sr. Rigoberto Feliciano, cuatro cargos de mala conducta que resumimos así: 1°, Que en la noche del 27 de julio de 1974 se personó en estado de embriaguez en el Cuartel de la Policía de Mayagüez solicitando una patrulla para arrestar unas personas que le habían insultado y que estaban fumando marihuana y que les fabricaría un caso de marihuana con unos cigarrillos que él tenía en el carro; 2°, Que hallándose el querellado en el Cuartel, llegaron allí dos personas a presentar una querella de escalamiento y el juez sostuvo a uno por la camisa mientras los insultaba a ambos; 3°, Que en el mismo sitio intervino en el interrogatorio a que un policía tenía sometida una acusada de hurto de prendas, con palabras groseras y obscenas; y 4°, Que trajeron allí un acusado por manejar en estado de embriaguez que había rehusado análisis, y el juez le preguntó qué le sucedía y al oír la explicación del querellado le fijó $1,000.00 de fianza sin que se hubiera preparado denuncia ni habérsele sometido el caso.

Los cargos se ventilaron en vista oral ante el Comisionado Especial Sr. Ramón Pérez de Jesús, asistido el querellado por sus abogados y en la que se recibió prueba de cargo y de defensa.

El 15 de marzo de 1977, rindió su Informe dicho Comisionado, suplementado el 5 de mayo siguiente, en el cual hizo determinaciones de hecho. Concluyó que el querellado "se hallaba bajo los efectos de bebidas alcohólicas, aunque no en estado intenso"; que se presentó al Cuartel de la Policía solicitando una patrulla para arrestar unas personas que lo habían injuriado. Los policías trataron de convencer al juez para que éste les permitiera llevarlo a su casa, pero él rehusó y ellos no tomaron en serio su petición como tampoco su ex-

presión de "hacerle un caso" de marihuana a los que le habían ofendido. La actitud de la Policía fue la de soportar al juez, con un nivel mayor que el tolerable de alcohol, y contemporizar con sus actuaciones, sin darle importancia, al punto de facilitarle teléfono para que hiciera llamadas al Fiscal de Mayagüez y al Oficial del Día del Cuartel General quejándose de la indiferencia de la policía que le negaba una patrulla. Aunque el pliego contiene cuatro cargos, no hay tal pluralidad, sino una secuencia ininterrumpida, un solo incidente que se prolongó desde la llegada del magistrado al Cuartel hasta su partida dos horas después, pasada la media noche. En ese período de un sábado, 27 de julio de 1974, el magistrado tuvo dos intervenciones oficiosas y, además, impropias. Dirigiéndose a una joven imputada de hurto de prendas la conminó a que "no jodiera más y dijera dónde estaban las prendas"; y al ver dos individuos que habían acudido al Cuartel en gestiones personales los increpó diciendo: "¿qué quieren esos maricones, que los voy a mandar para Limón?"[1] El Comisionado no estimó suficiente la prueba respecto al cuarto cargo sobre una fijación de fianza extemporánea.

◼ Aun con su limitada facultad, el juez de paz es un magistrado autorizado por ley para tomar decisión sobre la libertad de seres humanos al determinar causa probable y ordenar su arresto. Su función pública contiene la dignidad y majestad que en nuestro régimen constitucional y en el concepto público de nuestra gente se asocian con la administración de justicia. Esos valores exigen del funcionario unas disciplinas, y hasta si se quiere, restricción y sacrificio en su conducta, para proteger el prestigio de su cargo.

◼ Nos consterna que un magistrado albergue en su mente la fabricación de un caso de drogas como venganza personal contra las personas que en algún modo le habían ofendido. Si la Policía se halla en continuo esfuerzo de depuración, separando agentes que fabrican pruebas, es total-

---

[1] En el Barrio Limón se halla la Cárcel de Distrito.

mente impermisible que quien está investido con poder para recibir la prueba determinar causa probable y ordenar arresto, revele tan despreciable inclinación y la saque en momentos en que el alcohol anulaba todas las inhibiciones. El hallarse en menor o mayor grado de embriaguez, el uso de lenguaje impropio y la conducta destemplada son imputaciones que palidecen ante la gravedad de la confesada disposición de un funcionario de justicia a fabricar un caso penal en que estaba particularmente interesado. Es la negación de toda virtud y la destrucción de su anterior buen nombre porque obliga a pensar en cuántas ocasiones no reveladas manchó su ministerio con la falsedad y el abuso de poder.

■ Quien así se comporta debe ya tener clara consciencia del agravio que con sus excentricidades la noche de autos infirió al buen nombre del cargo que juró honrar. Cada falta de un funcionario de justicia es una herida al sistema, y avanza como onda concéntrica para lesionar el buen nombre y el prestigio de la institución.

*Con estos fundamentos, se dictará sentencia separando al querellado del cargo de Juez de Paz, con efecto desde el 22 de septiembre de 1976 fecha en que fue suspendido por Resolución de este Tribunal.*

Los Jueces Asociados Señores Rigau y Negrón García no intervinieron.