EL PUEBLO DE PUERTO RICO, demandante, *v.* JAIME PÉREZ SUÁREZ, demandado y peticionario.

*Número:* O-85-54 *Resuelto:* 15 de enero de 1986

*Julio Enrique Pancorbo,* abogado del peticionario; *Américo Serra, Procurador General Interino,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El 22 de febrero de 1984 un agente de la Policía estatal condujo al recurrente ante la Juez Municipal de Lajas. El agente le sometió denuncia escrita a la juez en que le imputaba al recurrente la comisión del delito, en su vertiente agravada, de recibo de bienes apropiados ilegalmente (dos cañas de pescar valoradas en unos $200), Art. 168 del Código Penal (33 L.P.R.A. sec. 4274). La juez se abstuvo de hacer señalamiento alguno sobre la existencia de causa probable para arrestar y le ordenó al agente la reinvestigación del caso.

El 12 de marzo de 1984 el mismo agente sometió el caso ante el Juez Municipal de Mayagüez, quien no encontró causa probable para arrestar al imputado. Vista esta determinación,

el policía acudió ante el fiscal, quien le indicó que debía someter el caso a un juez de mayor jerarquía. Así lo hizo el agente acudiendo ante el Juez de Distrito de San Germán, Hon. Miguel Negrón Weber, quien determinó el 11 de abril de 1984 que existía causa probable para el arresto.

Tiempo después, tras la correspondiente determinación de causa probable, el fiscal presentó acusación ante el Tribunal Superior. La defensa solicitó su desestimación al amparo de los incisos (e) y (p) de la Regla 64 de Procedimiento Criminal. (1) El tribunal de instancia se negó a desestimar y el acusado ha acudido a este foro.

El recurrente plantea que los policías carecen de facultad en ley para impugnar la determinación por un juez municipal de inexistencia de causa probable para un arresto. Añade que se le violaron sus derechos al irse supuestamente a caza de un juez que determinase la existencia de tal causa. Dictamos orden para que se nos mostrase por qué no debe revocarse la resolución recurrida.

 Tanto los fiscales como los miembros de la Policía estatal están autorizados para firmar y jurar denuncias que

---

(1) La Regla 64 (e) y (p) dispone:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . . .

"(e) Que el acusado ha sido convicto, o ha estado expuesto a serlo, o ha sido absuelto del delito que se le imputa. Si la moción para desestimar se basare en este fundamento, la misma expresará el nombre bajo el cual el acusado fue convicto, expuesto a convicción o absuelto, y la fecha, tribunal y lugar de convicción, exposición o absolución. La moción para desestimar podrá presentarse por cualquier acusado que hubiere sido absuelto por los méritos del caso, no obstante haber existido cualquier defecto en la acusación o denuncia.

. . . . . . . .

"(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."

sirvan de base para la expedición por un magistrado de una orden de arresto o citación, sujeto a las condiciones expuestas en las Reglas 5 y 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, Rs. 5 y 6. Aunque es curioso que la Regla 3 (34 L.P.R.A. Ap. II, R. 3) no ha sido enmendada para incluir a los jueces municipales en la definición de "magistrado", no cabe la menor duda de la capacidad de éstos para la expedición, previa la determinación de causa probable, de órdenes de arresto y de registro y allanamiento. El Art. 3 de la Ley Núm. 7 de 8 de agosto de 1974, según enmendada, dispone expresamente: ". . . Los Jueces Municipales ejercerán las mismas funciones y deberes que, a la fecha de vigencia de esta ley, tengan los Jueces de Paz. . . ." [2] 4 L.P.R.A. sec. 213. Entre las funciones asignadas a los jueces de paz estaba entonces la de expedir órdenes de arresto y de registro y allanamiento. Sec. 22 de la Ley Núm. 11 de 25 de julio de 1952. (4 L.P.R.A. sec. 202.)

■ La determinación por un juez municipal de que no existe causa probable para efectuar un arresto no es final. Así como en *Álvarez* v. *Tribunal Superior*, 102 D.P.R. 236 (1974), extendimos las disposiciones de la Regla 24(c), [3] referente a las determinaciones de no causa probable para acusar, a las situaciones en que un juez de distrito no halla causa probable para arrestar, resolvemos que debe prevalecer igual norma respecto a los jueces municipales. En ausencia de mandato

---

[2] La referida legislación, como es sabido, faculta a los jueces municipales a ejercer otras funciones. Se ha debatido si los jueces municipales son o no parte del Tribunal General de Justicia. Es innecesario que este Tribunal se exprese en este caso sobre este delicado problema constitucional.

[3] La Regla 24(c) de Procedimiento Criminal provee:

"*Efectos de la determinación de no haber causa probable.* Si, luego de la vista preliminar, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia." 34 L.P.R.A. Ap. II, R. 24(c).

legislativo en contrario no hallamos base para privar al Estado, en el caso de los jueces municipales, del derecho que le asiste cuando de jueces de distrito se trata de someter el asunto de nuevo a un magistrado de categoría superior.

Restan los problemas, no obstante, relativos al procedimiento para ejercer tal derecho y a la identidad de quien lo invoque en nombre del Estado.

■ La práctica de probar fortuna en casos de esta naturaleza entre jueces de igual rango hasta obtener una determinación favorable al Estado no ha sido sancionada en esta jurisdicción por regla o estatuto alguno. En algunas situaciones específicas ello se permite en el foro federal, mas por estatuto que establece salvaguardas rigurosas para evitar precisamente que se vaya a caza de jueces. 82 Stat. 218, 18 U.S.C. sec. 2518(1); *Application of United States*, 563 F.2d 637 (4to Cir. 1977); *United States* v. *Bellosi*, 501 F.2d 833 (D.C. App. 1974). En el caso de autos el Ministerio Público argumenta que aquí "no ha habido [*sic*] ningún 'judge shopping' . . . [ya que] este caso ha pasado únicamente por dos jueces". El argumento no es convincente. El primer juez municipal a quien se le sometió el caso ordenó su reinvestigación por entender a todas luces que la prueba sometida era insuficiente, lo cual equivale a una determinación de no causa probable. Ordenada la reinvestigación lo correcto por parte del agente hubiese sido reinvestigar el caso y someterlo al mismo juez o dar los pasos para que se acudiera a un magistrado de mayor jerarquía. Su determinación de llevar el asunto a otro juez municipal era impermisible.

■ Respecto a la facultad del agente para impugnar la determinación de no causa probable hecha al nivel municipal, nuestras reglas también guardan silencio sobre el asunto. Después de la creación del cargo de fiscal de distrito no vemos razón por la cual no debe al menos solicitarse su autorización, como se hizo en este caso, para que el agente pueda acudir

ante el juez de distrito. Los motivos que dictaron la Regla 24 (c), con su requisito de que sea el fiscal quien someta el caso a un magistrado de categoría superior, junto a lo dispuesto en la Regla 23 (c) al efecto de que el fiscal *podrá* estar presente en la vista, son igualmente aplicables, por analogía, a la situación presente. Los agentes del orden público no tienen por sí solos la facultad de impugnar ante un juez de distrito la determinación de un juez municipal de que no existe causa probable para un arresto. Deberán por lo menos obtener la autorización del fiscal, la que deberá constar por escrito.

■ Establecido que se incurrió en error al acudir a un juez de igual jerarquía, aún persisten dos problemas. La Regla 23 (c) dispone, respecto a la vista preliminar, que ". . . Si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado *detendrá* inmediatamente a la persona para que responda por la comisión de un delito ante la sección y sala correspondientes. . . ." (Énfasis nuestro.) 34 L.P.R.A. Ap. II, R. 23 (c). ¿Significa esta disposición que de alcanzarse la etapa de vista preliminar y de determinarse que existe causa probable para acusar se subsana todo género de error en la determinación de causa probable para el arresto? El Ministerio Público no ha hecho planteamiento alguno sobre este particular. En tales circunstancias y dada la novedad del asunto no estimamos aconsejable pronunciarnos sobre el particular sin beneficio de alegatos.

■ También ocurre aquí que, conforme la Regla 63, una moción bajo la Regla 64 (p) deberá presentarse al hacerse alegación de no culpable o antes de alegar, aunque el tribunal puede eximir al acusado, por causa justificada, de los efectos de la renuncia que conlleva su omisión. El acto de lectura de acusación en este caso ocurrió el 31 de agosto de 1984. La moción de desestimación bajo la Regla 64 (e) y (p) se presentó el 22 de octubre de 1984 y el tribunal la señaló para vista el

mismo día del juicio, el 30 de noviembre de 1984, fecha en que la denegó. En *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 454, 458–459 (1975), resolvimos que una tardanza de dieciocho meses en presentar la moción de desestimación no era razonable. La dilación en este caso fue de algo menos de dos meses, el juez la señaló para vista, fue discutida y el Ministerio Público nunca argumentó, ni ante el Tribunal Superior ni ante este foro, que el acusado renunció a los planteamientos efectuados en ella.

Por las razones expuestas, *se revocará la resolución recurrida.*

El Juez Presidente Señor Pons Núñez no intervino. El Juez Asociado Señor Negrón García concurre en el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López emitió voto disidente.

—O—

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

En la opinión concurrente que emitiéramos en el caso de *Escobar Galarza* v. *Banuchi Pons*, 114 D.P.R. 138, 139 (1983), expresamos que:

Somos del criterio que una de las labores principales —sino la principal— de este honorable Tribunal es la de orientación y/o la de implantación de normas o guías que ayuden a la profesión legal en general y, en particular, respecto a aquellas áreas del derecho en donde, a pesar del esfuerzo realizado en el pasado, todavía existen lagunas que dificultan la labor que realizan día a día nuestros compañeros jueces de instancia y nuestros compañeros abogados. Entendemos que tenemos la obligación de así hacerlo, no obstante el hecho de estar conscientes de que dichas normas y guías, por ser precisamente la creación de seres humanos, nunca podrán ser perfectas y por ello, las mismas estarán siempre sujetas a modificación y corrección en el futuro. (Opinión concurrente, Juez Rebollo López.)

Esa obligación, sin embargo, conlleva responsabilidades. En primer lugar, y a manera de ejemplo, tenemos la responsabilidad de velar por que la situación de hechos en relación con la cual se establece la norma sea una apropiada y de que la misma sea lo más completa posible. En otras palabras, este Tribunal no puede darse el "lujo" de establecer normas y guías abstractas y de que las mismas, en lugar de ayudar a la profesión legal, tengan el efecto de complicar la situación existente. No obstante reconocer que la opinión que se emite en el presente caso tiene el loable propósito de "llenar una laguna" existente en nuestro procedimiento criminal, por entender que la misma adolece de las antes mencionadas fallas es que nos vemos obligados a disentir.

Mediante el presente recurso de *certiorari* el acusado-peticionario pretende revisar una resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Mayagüez, denegando una moción que éste radicara, en la cual solicitaba la *desestimación* de la acusación contra él radicada por una alegada infracción al Art. 168 del vigente Código Penal, ello al amparo de los incisos (e) y (p) de la Regla 64 de las de Procedimiento Criminal. (¹)

---

(¹) La citada Regla 64 en sus incisos (e) y (p) establece:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . . .

"(e) Que el acusado ha sido convicto, o ha estado expuesto a serlo, o ha sido absuelto del delito que se le imputa. Si la moción para desestimar se basare en este fundamento, la misma expresará el nombre bajo el cual el acusado fue convicto, expuesto a convicción o absuelto, y la fecha, tribunal y lugar de convicción, exposición o absolución. La moción para desestimar podrá presentarse por cualquier acusado que hubiere sido absuelto por los méritos del caso, no obstante haber existido cualquier defecto en la acusación o denuncia.

. . . . . . . .

"(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho." 34 L.P.R.A. Ap. II, R. 64.

Es principio jurisprudencial conocido y trillado que una moción para desestimar una acusación, o cualquier cargo de la misma, *sólo podrá basarse* en uno o más de los varios fundamentos que la citada Regla 64 enumera. *Suárez Sánchez* v. *Tribunal Superior*, 92 D.P.R. 507, 515 (1965). La improcedencia de la desestimación solicitada en el presente caso, al amparo del transcrito inciso (e), es manifiesta.

Procede, en su consecuencia, que nos cuestionemos si en el presente caso el Ministerio Fiscal radicó la acusación ante el Tribunal Superior contra el aquí peticionario "sin que se hubiere determinado causa probable [en la *vista preliminar* celebrada al amparo de la Regla 23] por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho". Regla 64 (p) de Procedimiento Criminal.

En el pasado hemos resuelto que una moción para desestimar, basada en el inciso (p) de la Regla 64, *sólo procede* "en ausencia total de prueba que demuestre la existencia de causa probable para creer que el acusado cometió el delito que se le imputa", *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 454, 459 (1975); *Vázquez Rosado* v. *Tribunal Superior*, 100 D.P.R. 592 (1972). El peticionario en el presente caso *no cuestiona* la corrección de la determinación de *causa probable para radicar acusación* que se hiciera en la *vista preliminar* que se le celebrara al amparo de las disposiciones de la *Regla 23* de las de Procedimiento Criminal.

Lo que el peticionario sí cuestiona son los procedimientos en la determinación de *causa probable para arresto* ocurridos *con anterioridad* a la mencionada vista preliminar. A nuestro entender, *ello hace mandatorio* que este Tribunal se enfrente, y resuelva, el punto central y clave de si una determinación de *causa probable para acusar* —realizada al amparo de la citada Regla 23— "subsana" o no la desviación en el procedimiento seguido en la obtención de la determinación de causa probable para el arresto en el presente caso.

El Tribunal, en la opinión que emite en el presente caso, "estima" que no es "aconsejable" pronunciarse al respecto por razón de que el "Ministerio Público no ha hecho planteamiento alguno sobre ese particular". Somos del criterio que al así actuar, este Tribunal incumple con su deber de pautar el Derecho mediante el establecimiento de normas claras, precisas, y completas. La presente decisión ha creado una norma trunca e inservible que, desafortunadamente, tendrá el efecto indeseable de causar confusión en la profesión legal.