EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* LEONARDO RIVERA RIVERA, acusado y recurrido; EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* CARMEN RODRÍGUEZ TORO, BRENDA PINO RODRÍGUEZ Y HÉCTOR RAFAEL PINO RODRÍGUEZ, acusados y peticionarios.

*Números:* CE-88-313  CE-88-314

*Resueltos:* 8 de diciembre de 1988

*Zinia Acevedo Sánchez*, abogada de los peticionarios; *Norma Cotti Cruz, Subprocuradora General*, y *Ricardo E. Alegría Pons, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

En estos casos consolidados debemos resolver si incidió el tribunal de instancia al negarse a desestimar unas acusaciones, por delitos graves, que presentó el Ministerio Público sin haberse celebrado vistas preliminares y que se fundamentaban exclusivamente en las determinaciones de causa probable hechas por un Juez de Paz. Los recursos plantean importantes cuestiones sobre las funciones, las facultades y los efectos de las actuaciones de los dos (2) Jueces de Paz que todavía son parte de nuestro sistema judicial, especialmente desde que entró en vigor el nuevo sistema de determinación de causa probable para acusar establecido por las enmiendas a las Reglas 6, 22 y 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, de la Ley Núm. 29 de 19 de junio de 1987.

Los hechos son sencillos. El 27 de enero de 1988 el Sr. Leonardo Rivera Rivera fue llevado ante el Hon. Ramón Luis Pola, Juez de Paz, para la determinación de causa probable por el delito de robo. El imputado compareció, personalmente, asistido de abogado. Luego de escuchar bajo juramento los testimonios de los testigos, el magistrado determinó causa probable por el delito imputado y citó al acusado para el acto de lectura de acusación. Éste presentó una moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en la cual alegó que tenía derecho a que se celebrara una vista preliminar debido a que el Juez de Paz no estaba facultado para determinar causa probable. En una extensa resolución, el Honorable Alvarado Ginorio del Tribunal Superior, Sala de Ponce, denegó la moción.

En el otro caso, el mismo Juez de Paz determinó causa probable contra los tres (3) imputados por infracciones a la

Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2101 *et seq.*, y el Art. 234 del Código Penal, 33 L.P.R.A. sec. 4430. A dicha vista comparecieron en persona y asistidos de abogado. Igual que en el caso anterior y por los mismos fundamentos, presentaron moción de desestimación, la que fue denegada por el Juez Superior designado, Hon. Luis F. Pieraldi Cappa.

El 13 de junio de 1988 emitimos la resolución siguiente:

> Por plantear una controversia de derecho común, se consolidan los recursos de epígrafe.
>
> Vistos los planteamientos de los peticionarios, el Procurador General tendrá hasta el 22 de junio de 1988 para mostrar causas por las cuales no debamos expedir los autos solicitados, revocar las resoluciones del tribunal de instancia y resolver que los acusados-peticionarios tienen derecho, bajo la Regla 23 de las de Procedimiento Criminal vigente, a que se celebren vistas preliminares antes de que se formulen las acusaciones correspondientes.

## I

La Regla 3 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que los Jueces de Paz son magistrados con autoridad para dictar órdenes de arresto contra una persona a quien se le imputa delito. La Sec. 22 de la Ley de la Judicatura, 4 L.P.R.A. sec. 202, establece que:

> Los [J]ueces de [P]az ejercerán todas las funciones y poderes de la autoridad judicial ejercidos por los [J]ueces de [P]az al tiempo en que esta ley empiece a regir, incluyendo la función y facultad de fijar y aprobar fianzas y de expedir órdenes de arresto y de registro y allanamiento, en casos apropiados, según dispuesto por ley, excepción hecha de que ellos no pueden resolver casos de la competencia del Tribunal de Distrito o del Superior.

Al crearse los cargos de Jueces Municipales, se dispuso en el Art. 7 de la Ley Núm. 7 de 8 de agosto de 1974 (4 L.P.R.A. sec. 217) que:(1)

· Los actuales Jueces de Paz, cuyos nombramientos hubiesen expirado al momento de la vigencia de esta ley, cesarán en la fecha en que asuma el desempeño de sus funciones un Juez Municipal designado por el Gobernador a esos efectos. Los actuales Jueces de Paz, cuyos nombramientos al momento de

---

(1) En el historial correspondiente a la institución del juzgado de paz, bajo 4 L.P.R.A. sec. 202 n. se señala que:

*"Ley anterior.*

"Como se ha indicado en las notas bajo la sec. 181 de este título, la corte de paz anteriormente tenía poder para entender en cierta clase de causas criminales. Esta facultad ha sido conferida ahora al Tribunal de Distrito bajo dicha sec. 181 y bajo ésta. Además, excepto en San Juan, Ponce y Mayagüez, los [J]ueces de [P]az a virtud de la Ley de [m]arzo 10, 1904, p. 93, actuaban como jueces de instrucción durante la ausencia del [J]uez [M]unicipal.

"El art. 1 de la Ley de [a]bril 13, 1916, Núm. 41, p. 97, disponía: 'En San Juan, Ponce, Mayagüez y Arecibo, los [J]ueces de [P]az tendrán jurisdicción concurrente con las cortes municipales para actuar como jueces de instrucción y para expedir mandamientos de allanamiento; en todos los demás juzgados de paz el [J]uez de [P]az, además de las facultades que actualmente prescribe la ley o que en lo sucesivo prescribiere, tendrá facultad para actuar como juez de instrucción y para expedir mandamientos de allanamiento durante la ausencia del municipio del [J]uez [M]unicipal, o cuando por cualquier otro motivo el [J]uez [M]unicipal estuviere imposibilitado para actuar'.

"Los arts. 8 y 11 de la Ley de [m]ayo 15, 1950, Núm. 432, p. 1127, prescribían:

"'Artículo 8. Juez de Instrucción. El [J]uez de [P]az podrá señalar y aceptar fianzas bajo las leyes de Puerto Rico, y podrá actuar como juez de instrucción en todo caso de delito grave.'

"'Artículo 11. Facultades. Los [J]ueces de [P]az tendrán las mismas facultades, deberes y funciones de los [J]ueces de [P]az nombrados bajo la legislación anterior a la vigencia de esta Ley.'

*"Informe del Comité.*

"'Las facultades y poderes de los Jueces de Paz serán los mismos como hasta el presente, con la única excepción del poder para resolver casos. Esto compete ahora a la Corte Superior y a la de Distrito. La Constitución, [A]rt. II, [S]ec. 10, dispone que las órdenes de arresto y de registro y allanamiento sólo serán expedidas por "autoridad judicial". En este sentido, entonces los Jueces de Paz pueden todavía expedir órdenes de registro y allanamiento y órdenes de arresto, ya que no se considera que el [P]oder [J]udicial conlleva nada más el poder de resolver casos.' Informe del Comité que redactó el proyecto de la Ley de la Judicatura de 1952."

la vigencia de esta ley subsistieren seguirán en sus cargos hasta la expiración del término por el cual fueron nombrados salvo que fueren antes destituidos o separados de sus cargos conforme a las disposiciones de ley aplicables. Al expirar sus términos respectivos, incluyendo también el caso en que hubiese expirado el término antes de la vigencia de esta ley, cada uno de los Jueces de Paz cesará en la fecha en que asuma el desempeño de sus funciones un Juez Municipal designado por el Gobernador a esos efectos.

En la Exposición de Motivos de dicha ley se hace constar que:

El Informe de la Comisión para el Estudio de los Tribunales del Consejo sobre la Reforma de la Justicia en Puerto Rico señala:

"En todas las distintas etapas históricas de reforma judicial habidas en Puerto Rico, la de mayor controversia, predominio y debate ha sido la concerniente a la institución de Jueces de Paz. Aun cuando existen personas que *bona fide* la sostienen y defienden, se puede concluir con poco margen de error, que el consenso casi unánime de la profesión legal es el sentido de que la institución tal y como ha funcionado en el pasado y funciona en el presente constituye una rémora del antaño que difícilmente tiene cabida y razón de ser en la estructura judicial del país. Este sentir ha tenido su eco y expresión en funcionarios públicos de la[s] Rama[s] Ejecutiva, Legislativa y Judicial, en el público en general y en la Prensa del país."

La presente legislación contempla la eliminación y sustitución gradual de los [J]ueces de [P]az por [J]ueces [M]unicipales, que en adición al requisito de abogados admitidos al ejercicio de la profesión legal por el Tribunal Supremo, estarán facultados a ejercer otras funciones incluyendo la adjudicación provisional de ciertas controversias.

Las sustanciales implicaciones presupuestarias de la sustitución inmediata obligan a optar por la sustitución gradual, a medida que los términos de los actuales [J]ueces de [P]az vayan venciendo. Aun cuando no es inmediata, la sustitución se logrará en o antes de los próximos 4 años, lo que representará una mejoría notable al sistema de administración de justicia. 1974 Leyes de Puerto Rico 653–654 (Parte 2).

A pesar de que durante 1978 venció el término del último Juez de Paz, *Pueblo v. Foster*, 110 D.P.R. 8, 30 (1980), voto explicativo, en estos momentos todavía hay dos (2) Jueces de Paz en funciones, por no haber sido sustituidos conforme a derecho.

Entre las funciones de los Jueces de Paz estaba la de expedir órdenes de arresto y de registro y allanamiento. *Pueblo v. Pérez Suárez*, 116 D.P.R. 807, 810 (1986); *In re Feliciano*, 106 D.P.R. 806 (1978).

Lo anterior nos lleva a determinar si estos magistrados tienen facultad para intervenir en una determinación de causa probable para creer que se ha cometido un delito bajo la Regla 6 de Procedimiento Criminal, *supra*. Dicha regla actualmente establece el procedimiento siguiente:

*REGLA 6. ORDEN DE ARRESTO A BASE DE UNA DENUNCIA*

(a) *Expedición de la orden.* Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. Cuando hubiere más de una persona afectada, el magistrado podrá expedir una orden de arresto para cada una de ellas. El magistrado hará constar en la denuncia los nombres de las personas examinadas por él para determinar causa probable.

El magistrado podrá también determinar causa probable para creer que se ha cometido un delito sin necesidad de que se presente ante él una denuncia cuando haya examinado bajo juramento a algún testigo o testigos que tuvieren conocimiento personal del hecho delictivo. En tales casos, el magistrado, además de la expedición de la orden de arresto o citación, deberá levantar un acta concisa y breve en la que exponga los hechos del delito por el cual determina causa proba-

ble, la fecha, hora y sitio donde se cometieron, el delito imputado y el nombre y dirección del testigo o testigos examinados por él bajo juramento para determinar causa probable. En estos casos el magistrado autorizará la radicación de la correspondiente denuncia si se tratare de un delito menos grave o la correspondiente acusación si se tratare de un delito grave o menos grave de la jurisdicción exclusiva del Tribunal Superior.

En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba en su favor.

Cualquier magistrado podrá expedir una orden de arresto contra una persona a quien se le imputa la comisión de un delito, aun cuando la sala donde actúe el magistrado no tenga competencia para la celebración del juicio contra el imputado. En tal caso, luego de expedir la orden de arresto y de cumplir con los trámites preliminares que se establecen en estas reglas, el magistrado ordenará que se transfiera el caso a la sala correspondiente para la continuación del proceso criminal.

(b) *Forma y requisitos de la orden de arresto.* La orden de arresto se expedirá por escrito a nombre de El Pueblo de Puerto Rico bajo la firma y el título oficial del magistrado que la expidiere, dirigida para su ejecución y diligenciamiento a uno, varios o a cualquier funcionario del orden público. Ordenará el arresto de la persona o personas a quienes se les imputare el delito y que una vez arrestadas se les conduzca sin dilación innecesaria ante un magistrado, según se dispone en la Regla 22(a). La orden deberá, además, describir el delito imputado y deberá especificar el nombre de la persona o personas a ser arrestadas y, si los nombres son desconocidos, designará a dichas personas mediante la descripción más adecuada posible que las identifique con razonable certeza. La orden deberá expresar también la fecha y el sitio de su expedición y el monto de la fianza fijada por el magistrado que la expidió.

(c) Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante o sus testigos, si algunos, el magistrado determinare la inexistencia de causa probable, no podrá presentarse denuncia o acusación de clase alguna. En tal caso

o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquel que el fiscal entendiere procedente, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia. El magistrado, una vez tenga ante sí dicha solicitud, podrá prontamente expedir u ordenar al secretario del tribunal que expida citación tanto al imputado como a los testigos de cargo anunciados, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados. 34 L.P.R.A. Ap. II, R. 6.

Como en estos casos los imputados comparecieron personalmente en virtud de citaciones[2] y estuvieron representados por abogado, tenemos que analizar las Reglas 7(a) y 22 de Procedimiento Criminal vigentes, que leen así:

*REGLA 7. CITACIÓN POR UN MAGISTRADO O FUNCIONARIO DEL ORDEN PÚBLICO*

(a) *Citación.* Se podrá expedir una citación en lugar de una orden de arresto si el magistrado ante quien se presentare la denuncia o que haya examinado a algún testigo que tenga conocimiento personal de los hechos, tuviere motivos fundados para creer que la persona va a comparecer al ser citada, o si la persona fuere una corporación. Se podrá expedir más de una citación basada en un solo delito imputado. En aquellos casos en que un funcionario del orden público pudiere arrestar sin orden de un magistrado, dicho agente, si se tratare de un delito menos grave (*misdemeanor*), podrá citar por escrito y bajo su firma a la persona para que comparezca ante un magistrado, en vez de arrestarla. La citación informará a la persona que si no compareciere se expedirá una orden de arresto en su contra.

Cualquier magistrado podrá expedir una citación contra una persona a quien se le imputa la comisión de un delito aun cuando la sala donde actúe el magistrado no tenga competencia para la celebración del juicio contra el imputado. En tal caso, luego de expedirse la correspondiente citación y de cumplirse con los trámites preliminares que se establecen en estas

---

[2] Así se hace constar en los formularios correspondientes.

reglas, el magistrado ordenará que el caso se transfiera a la sala correspondiente para la continuación del proceso criminal. 34 L.P.R.A. Ap. II.

### REGLA 22. PROCEDIMIENTO ANTE EL MAGISTRADO

(a) *Comparecencia ante el magistrado.* Un funcionario del orden público que hiciere un arresto autorizado por una orden de arresto deberá llevar a la persona arrestada sin demora innecesaria ante el magistrado disponible más cercano. Cualquier persona que hiciere un arresto sin orden de arresto deberá llevar a la persona arrestada sin demora innecesaria ante el magistrado disponible más cercano, y si la persona que hiciere el arresto sin orden de arresto fuere una persona particular, podrá entregar a la persona arrestada a cualquier funcionario del orden público, quien a su vez deberá llevar a la persona arrestada sin demora innecesaria ante un magistrado, según se dispone en esta regla. Cuando se arrestare a una persona sin que se hubiere expedido orden de arresto y se le llevare ante un magistrado, se seguirá el procedimiento que disponen las Reglas 6 y 7, según corresponda.

(b) *Deberes del magistrado; advertencias.* El magistrado informará a la persona arrestada o que hubiere comparecido mediante citación, del contenido de la denuncia o acusación presentada contra ella, de su derecho a comunicarse con su familiar más cercano o con un abogado y a obtener sus servicios, y de su derecho a que se le celebre una vista preliminar si el delito que se le imputa es grave, cuando el magistrado que hizo la determinación inicial de causa probable no hubiere examinado a ningún testigo con conocimiento personal de los hechos o cuando el imputado no hubiere estado presente en la determinación de causa probable para el arresto. Le informará, además, a la persona que no viene obligada a hacer declaración alguna y que cualquier declaración que hiciere podrá usarse en su contra. El magistrado impondrá condiciones o admitirá fianza, con o sin condiciones, según se dispone en estas reglas y de no obligarse a cumplir con las condiciones, o no prestar la fianza, ordenará su encarcelación. Si al momento de comparecer la persona arrestada ya se hubiere radicado la acusación o denuncia contra ella, el magistrado entregará copia de la misma o instruirá al fiscal que la entregue al acusado personalmente.

(c) *Constancias en la orden de arresto o citación; remisión*. En la orden de arresto o citación el magistrado hará constar la comparecencia de la persona y las advertencias que se le hicieron, y en los casos de delito grave (*felony*), de ser ello así, la circunstancia de que dicha persona no puede obtener los servicios de un abogado para asistirle en el juicio o en la vista preliminar en los casos en que corresponda celebrar la misma. En tal caso, el magistrado le nombrará un abogado y su nombre se incluirá en la citación para la vista preliminar, el juicio o el acto de lectura de la acusación, según fuere el caso. El magistrado remitirá la denuncia, el acta en aquellos casos en que se hubiere levantado la misma y la orden de arresto o citación a la sección y sala correspondientes del Tribunal de Primera Instancia para que se dé cumplimiento a los trámites posteriores que ordenan estas reglas. 34 L.P.R.A. Ap. II.

■ Examinadas las Reglas 3, 6, 7 y 22 de Procedimiento Criminal, *supra*, en conjunto, forzoso es concluir que el Juez de Paz, al cumplir con su facultad de determinar causa probable para el arresto, necesariamente tiene la obligación y el poder para tomar otras de las providencias pertinentes provistas en dichas reglas. Ello es así ya que, para poder encontrar causa probable para el arresto, necesariamente tiene que determinar que existe causa probable para creer que se ha cometido un delito. Una es parte consustancial de la otra.

Por las razones expuestas, resolvemos que el Juez de Paz tiene facultad para determinar causa probable bajo el procedimiento establecido en la Regla 6 de Procedimiento Criminal, *supra*.

II

No obstante lo anterior, ello no resuelve la cuestión principal planteada, a saber, si cuando la determinación de causa probable es hecha por un Juez de Paz los imputados tienen derecho a que se celebre la vista preliminar provista en la Regla 23 de Procedimiento Criminal, *supra*.

El procedimiento de vista preliminar ha sido objeto de amplio análisis. En la reciente opinión de *Pueblo v. Martínez Torres*, 116 D.P.R. 793, 801–802 (1986), señalamos que:

Distinto al derecho invocado en *Pueblo v. Laureano*, supra, el derecho a vista preliminar es de rango estatutario y no constitucional. No fue incluido en la Carta de Derechos. Véase Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico. A igual conclusión ha llegado el Tribunal Supremo de Estados Unidos de América. *Lem Woon* v. *Oregon*, 229 U.S. 586 (1913); *Gerstein* v. *Pugh*, 420 U.S. 103 (1974); *Baker* v. *McCollan*, 443 U.S. 137 (1979).

Antes de entrar en vigor en el 1964 la Regla 23 de las de Procedimiento Criminal, en Puerto Rico no existía la vista preliminar. *Pueblo* v. *Sánchez Vega*, 97 D.P.R. 133 (1969). Mediante la misma se dispuso: "Se celebrará una vista preliminar en todo caso en que se imputare a una persona un delito grave *(felony)*." 34 L.P.R.A. Ap. II, R. 23. El mandato estatutario es taxativo. Se excluyó expresamente a personas imputadas de delitos menos graves del derecho a la vista preliminar. Consideraciones de distinta índole, entre ellas de naturaleza pragmática, estuvieron presentes al momento de su promulgación. En *Pueblo* v. *Martínez Vega*, 98 D.P.R. 946 (1970), interpretamos el alcance de esta regla. Resolvimos que no existe derecho a vista preliminar en casos en que se imputa un delito menos grave, aun cuando se haya concedido el derecho a juicio por jurado.

En el de autos, como antes indicamos, los delitos imputados son de naturaleza menos grave. Siendo así, no procedía la celebración de una vista preliminar como condición previa a la presentación de las acusaciones ante el Tribunal Superior. Actuó correctamente el foro de instancia. (Escolios omitidos.)

En *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 664–667 (1985), expusimos:

La determinación de causa probable goza, como todo dictamen judicial, de presunción legal de corrección. *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 454, 459 (1975); *Rabell Martínez* v. *Tribunal Superior*, 101 D.P.R. 796, 798–799 (1973). Finalmente hemos resuelto que aunque el magistrado haya deter-

minado la existencia de causa probable para acusar, el fiscal no está obligado a presentar la acusación correspondiente de así creerlo adecuado. Regla 24 de Procedimiento Criminal; *Pueblo* v. *Quiñones Natal*, 94 D.P.R. 582, 584 (1967).

En resumen, nuestra jurisprudencia ha establecido que: (1) el objeto central de la vista preliminar no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado; (2) aunque se trata de una función propiamente judicial, no es "un mini juicio"; (3) el fiscal no tiene que presentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario, y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley. Desde su concepción original la única modificación que experimentó fue la adoptada mediante Resolución de este foro el 24 de enero de 1967, que en virtud de la Sec. 6, Art. V de la Constitución —ante la inacción de la Asamblea Legislativa— dispuso que al ser requerido, el fiscal pondría a disposición del imputado las declaraciones juradas que tuviera en su poder de los testigos *sentados a declarar* en dicha vista.

Algunos estudios abogan po[r q]ue a la misma se hagan extensivos los mecanismos de descubrimiento de prueba. En ausencia de un planteamiento constitucional persuasivo de debido proceso de ley, hemos resuelto que "en cuanto a los medios de descubrimiento de prueba sitúan al Pueblo en desventaja frente al acusado [o viceversa] y si conviene a una mejor administración de justicia penal que se equiparen es cuestión a ser determinada por las leyes y no mediante decisión judicial". *Pueblo* v. *Tribunal Superior*, 99 D.P.R. 104 (1970).

Al presente los estudiosos identifican dos modelos o tipos generales para enmarcar la razón de ser de la vista preliminar: visión *retrospectiva (backward-looking)* y *prospectiva (forward-looking)*.

Como este término sugiere, la preocupación primaria de la vista retrospectiva es con respecto a la legalidad del arresto y la validez de la detención. La pesquisa en la vista se manifiesta en la investigación hacia el pasado, al momento del arresto.

Está diseñada para detectar detenciones ilegales de todas clases. Su interés se centra en una revisión de la legalidad de la detención. Se enfatiza el aspecto de la naturaleza preliminar no determinante ni final del procedimiento. El procedimiento no es un juicio sino un mecanismo inicial para cotejar la validez del arresto. El foro de la investigación se concentra mayormente en los hechos que dieron lugar al arresto, en contraste con la posible inocencia o culpabilidad del acusado desde el punto de vista jurídico.

El modelo de visión *prospectiva* se orienta hacia el futuro: el juicio. El interés gira en cuanto a la probabilidad de culpabilidad o inocencia del acusado. Se destaca una preocupación por evitar o prevenir ulteriores procedimientos innecesarios. Por el papel central y más activo que juega el magistrado, se enfatiza su carácter más judicial, en contraste con el primer modelo señalado. Puede apreciar la credibilidad de testigos y debe estar dispuesto a desestimar los cargos de estimar insuficiente la prueba presentada por el Estado. Este último aspecto es fundamental en el modelo prospectivo.

En Puerto Rico, según hemos visto, nuestra doctrina jurisprudencial reconoce que la vista preliminar tiene características de ambos modelos (ecléctica). Se aproxima tímidamente hacia la visión prospectiva. Bajo esta premisa, nuestra función adjudicativa no es irrestricta. Repetimos, excepto ante planteamientos constitucionales meritorios al amparo del debido proceso de ley, la reformulación, ampliación y orientación de la vista preliminar es cuestión que cae en el ámbito del poder de reglamentación (*rule making power*) de este foro conjuntamente con la Asamblea Legislativa. Sec. 6, Art. V de la Constitución. (Escolios omitidos y énfasis en el original.)

En *Pueblo v. Foster*, supra, págs. 30–31, en el voto explicativo del Juez Asociado Señor Negrón García, luego de un extenso análisis de los propósitos y efectos de la vista preliminar, se propuso y se señaló que:

Para salvar actitudes de profundas raíces y superar problemas complejos, posiblemente debamos adoptar una radical, pero sencilla solución: su eliminación. El momento ha llegado. Durante el año 1978 venció el término del último Juez de

Paz. Nada impide, si no se ha hecho, que se complete su sustitución total por jueces municipales que son abogados, lo cual es de esperarse que razonablemente redunde en unas apreciaciones y determinaciones más certeras en cuanto a la existencia o no de causa probable para el arresto.

Bajo esta alternativa de la etapa de determinación de causa probable por un juez, el fiscal inmediatamente presentaría acusación en la Secretaría del Tribunal Superior correspondiente y el caso sería señalado para el acto de la lectura de la acusación, en cuya ocasión el acusado y su abogado —de registrarse alegación de no culpabilidad— tendrían derecho a recibir las declaraciones juradas de los testigos del Pueblo consignados al dorso del pliego acusatorio. Para salvaguardar el derecho a aquellos acusados deseosos de un juicio rápido —por estimar que la prueba de cargo es insuficiente, la evidencia fue ilegalmente obtenida, la confesión es involuntaria u otras defensas análogas— se crearía un mecanismo para ventilar prontamente, a solicitud de éstos y con carácter preferencial, la vista en sus méritos. Los casos menos graves dimanantes de la misma transacción que los graves irían paralelos; ni uno ni otro impedirían su procesamiento.

■ Ya hemos visto que, en virtud de la Ley Núm. 29, *supra*, se hizo una cirugía radical al procedimiento. Se limitó el derecho estatutario a una vista preliminar en aquellos casos en los que se imputare a una persona un delito grave y el magistrado que hizo la determinación inicial de causa probable no hubiere examinado a ningún testigo con conocimiento personal de los hechos cuando el imputado no hubiere estado presente en la determinación de causa probable, o habiendo estado presente no estuviere acompañado de abogado. Reglas 22 y 23 de Procedimiento Criminal vigentes, *supra*.(3)

---

(3) Debemos presumir que al limitar el alcance y la disponibilidad de la vista preliminar la Legislatura conocía las expresiones de *Pueblo v. Foster*, 110 D.P.R. 8 (1980), y las del Informe del Comité sobre Normas y Objetivos para Acelerar los Trámites de Casos en el Tribunal de Primera Instancia de 1985, pág. 171 y ss.

Aquí están presentes las circunstancias para prescindir de la vista preliminar. Pero subsiste el problema de que la determinación fue hecha por un Juez de Paz, figura que ha sido catalogada como una rémora de antaño y que no tiene la preparación legal suficiente para que le otorguemos un respaldo incondicional a sus determinaciones.

■   Dentro de nuestro amplio poder de reglamentación (*rule making power*), que tenemos junto con la Asamblea Legislativa, *Pueblo v. Rodríguez Aponte*, supra, pág. 667, y en aras de darle garantías procesales adecuadas a los imputados, resolvemos que cuando la determinación de causa probable es hecha por un Juez de Paz se debe celebrar una vista preliminar para determinar causa probable para acusar. Esta norma no presenta conflicto alguno con el sistema vigente establecido por la Legislatura. Por el contrario, se adapta a las características eclécticas de la figura, especialmente a su visión prospectiva. Al así resolver, estamos impartiendo una interpretación restrictiva a favor de los acusados. No cumpliríamos adecuadamente nuestra función reglamentaria si acogiéramos los también respetables argumentos en contrario utilizados por los ilustrados jueces de instancia. Dentro del balance de conveniencias, adoptamos la norma menos onerosa para el sistema.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita.

---

Allí se recomendaba mantenerla con ciertas sugerencias que no son aplicables a esta controversia. En este informe se hace referencia a los múltiples estudios e informes hechos con anterioridad. Informe del Comité, *supra*, Vol. I, pág. 177.