EL PUEBLO DE PUERTO RICO, peticionario, *v.* MILTON LEBRÓN, recurrido.

*Número:* CC-96-51       *Resuélto:* 23 de octubre de 1996

*Carlos Lugo Fiol, Procurador General,* y *Lorraine J. Riefkohl, Procuradora General Auxiliar,* abogados del peticionario;

*Fredy Méndez Camel, Ricardo López Aldea,* e *Ivette Aponte Nogueras,* abogados del recurrido.

— O —

Opinión concurrente del Juez Asociado Señor Negrón García.

I

"Es elemental el principio que el nombre o etiqueta no hace la cosa ni le da sabor. Lo importante es el contenido y la sustancia." (Énfasis suprimido.)([1])

Nos enfrentamos hoy a una controversia de carácter procesal provocada por el *Gran Mito de la consolidación vertical* de los jueces de primera instancia establecida por la Ley de la Judicatura de 1994.([2]) Mediante esta ley se pretende la creación gradual de *una sola categoría de juez*, con competencia general, en el Tribunal de Primera Instancia. Apoyado en este nuevo esquema, la mayoría de este Tribunal correctamente concluye que el Ministerio Público, ante una determinación de inexistencia de causa probable para arresto dictada *por un Juez Superior, al actuar en calidad de Juez instructor*, puede acudir en alzada ante otro Juez Superior del Tribunal de Primera Instancia designado para entender en la celebración de tales vistas.

Sin embargo, la mayoría sostiene que el estado de derecho actual, bajo la Ley de la Judicatura de 1994, *tiene el efecto de eliminar totalmente las categorías entre los jueces del Tribunal de Primera Instancia. Discrepamos.* A primera vista parece ser que la consolidación del Tribunal de Primera Instancia elimina los niveles jerárquicos entre los jueces. No obstante, una vez nos adentramos en las disposiciones de la Ley de la Judicatura de 1994 es forzoso concluir que, aunque la consolidación elimina la división entre

---

([1]) *Regl. Creac. y Func. Unidad Esp. J. Apel.*, 134 D.P.R. 670, 706 (1993), opinión disidente.

([2]) Ley Núm. 1 de 28 de julio de 1994, enmendada por la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. sec. 22 *et seq.*).

foros, *no* establece una sola categoría de juez de primera instancia. Veamos.

*Primero*, la propia ley dispone que, una vez finalizada la abolición del Tribunal de Distrito, *quedarán dos categorías de jueces, a saber*: Superior y Municipal. *Segundo*, la autoridad judicial del Juez Municipal está limitada a "asuntos interlocutorios", *subordinados* en varias instancias a la delegación de un Juez Superior. *Tercero*, el Juez Superior posee una competencia general, mientras que la del Juez Municipal es limitada. *Todas estas características suponen, lógicamente, la existencia de una estructura jerárquica dentro del Tribunal de Primera Instancia, en donde el Juez Superior es de jerarquía superior respecto del Juez Municipal.*

## II

Si existen dos categorías de juez en el Tribunal de Primera Instancia, entonces la pregunta obligada es: ¿tiene un Juez Superior facultad de intervenir como juez instructor en el caso de autos? La contestación es en la afirmativa, pues posee *competencia general sobre todo asunto presentado ante ese tribunal.* A esos efectos, la Orden Administrativa IV del Juez Presidente de este Tribunal dispuso que un Juez Superior tendrá *competencia concurrente* con el Juez de Distrito y el Juez Municipal sobre aquellos asuntos y casos que con anterioridad a la actual Ley de la Judicatura eran de competencia de estos últimos. En consecuencia, el Juez Superior Hon. John Maldonado podía celebrar, en calidad de juez instructor, la vista de causa probable para arresto en el caso de autos.

Ahora bien, la participación de un Juez Superior en una vista, al amparo de la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, *no tiene* el efecto de *anular* el derecho del Ministerio Público de acudir en alzada ante otro magistrado, luego de recibir una determinación negativa de

causa para arresto. Es principio rector de nuestro sistema procesal criminal no otorgar "a un solo funcionario la decisión única, final e irreversible de archivar una denuncia por falta de causa probable". *Pueblo v. Cabrera González*, 130 D.P.R. 998, 1001 (1992). Véase *Álvarez v. Tribunal Superior*, 102 D.P.R. 236, 238 (1974).

## III

Réstanos resolver ante qué categoría de magistrado puede el Ministerio Público acudir en alzada de una determinación adversa de causa para arresto. La propia Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, ordena que el Estado podrá someter nuevamente el asunto ante *un magistrado de categoría superior dentro del Tribunal de Primera Instancia*, es decir, ante el juez que inmediatamente sigue en *jerarquía* a aquel ante quien se originó inicialmente esa determinación. *Pueblo v. Cabrera González*, supra.

Surge expresamente de la Regla 6(c) de Procedimiento Criminal, *supra*, que un juez de inferior jerarquía a aquel que hizo la determinación adversa de causa *no tiene autoridad judicial para atender el asunto en alzada*. Según el nuevo esquema procesal, el Juez Superior es responsable de "revisar", en primera instancia, las determinaciones de carácter interlocutorias de los jueces de Distrito y Municipal. El trámite provisto en la citada Regla 6(c) tiene el propósito de concederle al Estado una segunda y última oportunidad de presentar su caso ante un juez de *mayor jerarquía* en un procedimiento *de novo*.

La situación fáctica en el caso de autos es *excepcional*, pues un Juez Superior —el de mayor jerarquía dentro del Tribunal de Primera Instancia— actuó como juez instructor. Cuando actúa así un Juez Superior, el Ministerio Público puede acudir en alzada de una determinación negativa de causa *únicamente* ante otro *Juez Superior.*

Constituiría una anomalía adjudicativa permitir que jueces de jerarquía inferior, como lo son el Juez de Distrito o Municipal, revisen una determinación de un Juez Superior.

Nos preocupa, pues, que la escueta Sentencia de este Tribunal se interprete como que está implícitamente apuntalada en la mal llamada "consolidación del Tribunal de Primera Instancia". Esa interpretación de la Ley de la Judicatura de 1994 no encaja con el verdadero esquema jerárquico de jueces y el diseño procesal penal puertorriqueño.[3] No podemos avalar una caracterización errónea de la ley, so pretexto de economía o rapidez procesal.

El Ministerio Público podrá presentar nuevamente las denuncias contra el Dr. Milton Lebrón ante otro Juez Superior, como pretendia, y no ante el Tribunal Municipal de Jayuya.

## — O —

Opinión concurrente emitida por el Juez Asociado Señor Hernández Denton, a la cual se une el Juez Presidente Señor Andréu García.

La controversia del presente caso se circunscribe a determinar si el Ministerio Público, ante una determinación de inexistencia de causa probable para un arresto emitida por un Juez Superior, puede someter el asunto nuevamente ante la consideración de otro juez del Tribunal de Primera Instancia. Por entender que en las circunstancias particulares descritas en el presente caso el Estado puede

---

[3] El principio de jerarquía de jueces es la columna vertebral de nuestro actual diseño judicial. Las controversias judiciales no pueden ser igualmente clasificables; por el contrario, su adjudicación precisa de un sistema de competencia y jerarquía judicial. En lo penal, es imposible legislar y medir, a través de una sola norma jurídica, toda acción delictiva. Las clasificaciones de delitos —llámense graves, menos graves o de otro modo— subsistirán. Alguien tendrá que adjudicar los casos de infracciones menores de tránsito y ordenanzas municipales. Otros deberán ventilar los casos graves ante jurado. *In re Reforma Judicial*, 136 D.P.R. 1 (1994), voto separado.

presentar nuevamente las acusaciones contra el Dr. Milton Lebrón, concurrimos.

I

El lenguaje de la Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, es claro al exigir que, ante una determinación adversa al Estado, sólo se podrá someter el asunto nuevamente para determinar causa probable para arrestar, con la misma o con otra prueba, ante "un magistrado de categoría superior del Tribunal de Primera Instancia". Anteriormente hemos interpretado la citada Regla 6(c), reconociendo dos (2) requisitos de riguroso cumplimiento cuando el Estado intenta tramitar *de novo* una determinación de causa probable para arrestar: (1) someter el asunto ante un magistrado de *categoría superior* del Tribunal de Primera Instancia, que significa al juez del foro que inmediatamente sigue en jerarquía a aquel donde se originó inicialmente la determinación, y (2) que esa oportunidad existe una sola vez. *Pueblo v. Cabrera González*, 130 D.P.R. 998 (1992).

Somos conscientes de que el esquema creado por la nueva Ley de la Judicatura de 1994 no es del todo claro, y al ejercer nuestra función revisora debemos atemperarlo a la normativa procesal vigente.[1] Sin embargo, dicha ley no tuvo el efecto de eliminar totalmente las categorías entre

---

[1] La Orden Administrativa Núm. XI de 20 de enero de 1995 (4 L.P.R.A. Ap. XXIII), dispone, en lo pertinente:

"... hasta que se realicen las enmiendas a las reglas procesales y la reglamentación pertinente para el buen funcionamiento de la Rama Judicial se establecen las siguientes normas de transición:

"(1) *Las vistas de determinación de causa en alzada para arresto y para acusación se ventilarán ante la sala designada por el Juez Administrador Regional previa delegación del Juez Presidente.*"

Es preciso aclarar que la citada disposición no ha tenido el efecto de modificar la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en cuanto exige que la determinación de causa probable para arresto en alzada sólo puede presentarse ante un juez de categoría superior.

los jueces del Tribunal de Primera Instancia. Aunque ciertamente la nueva ley suprime la división entre foros, antes llamados Superior, de Distrito y Municipal, aún mantiene una jerarquía entre las categorías de los jueces. Luego de la eliminación del Juez de Distrito, seguirán existiendo dos (2) categorías de jueces, el Superior y el Municipal, siendo el primero de categoría superior, ya que posee competencia general, mientras que el segundo posee una competencia limitada.

El requisito de que se trate de un magistrado de "categoría superior" no se refiere exclusivamente al foro, sino que se refiere más bien a la categoría del magistrado. Esto es así, dado que cuando un juez actúa como magistrado en un trámite al amparo de la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, lo hace "en su capacidad individual en el ejercicio de sus funciones y facultad para determinar la existencia de causa probable .... Sus determinaciones al efecto no son decisiones de un tribunal". *Pueblo v. Tribunal Superior*, 95 D.P.R. 412, 413 (1967). Por consiguiente, la eliminación de los tribunales Superior, de Distrito y Municipal, tras la Reforma Judicial de 1994, no es óbice para que los jueces municipales y superiores puedan entender en los procesos al amparo de la citada Regla 6 de Procedimiento Criminal, conservando la jerarquía que aún les distingue.

Asimismo, el hecho de que el Juez Superior actúe como juez instructor en nada disminuye su categoría superior. Un juez instructor es cualquier juez "con autoridad para celebrar vistas preliminares en el caso de personas acusadas de algún delito, determinar causa probable y fijar fianza, o absolver por insuficiencia de prueba". I. Rivera García, *Diccionario de Términos Jurídicos*, 2da ed. rev., New Hampshire, Ed. Equity, 1985, pág. 145. Todo juez que actúa como magistrado, sea Superior, de Distrito o Municipal, lo hace en calidad de juez instructor. Por lo tanto, el solo hecho de que el Juez Superior, Hon. John Maldonado,

actuara como juez instructor, no es fundamento válido para obviar el mencionado requisito de la Regla 6(c) de Procedimiento Criminal, *supra*.

## II

Al enfrentarnos a la controversia ante nos, no podemos endosar una interpretación errónea de la ley sólo para ajustarla a los hechos particulares del caso. A tenor con lo anterior, es forzoso concluir que, de ordinario, si el Ministerio Público *decide voluntariamente* presentar el trámite de la Regla 6 de Procedimiento Criminal, *supra*, inicialmente ante un Juez Superior, que es el de mayor categoría dentro del Tribunal de Primera Instancia, debe entenderse que ha renunciado a su derecho a la segunda oportunidad. Esto es así, dado que no existe otro magistrado "de categoría superior" dentro del Tribunal de Primera Instancia facultado para determinar causa para arresto. Estamos en realidad ante una prerrogativa renunciable por el Estado. Sin embargo, la norma anterior parte de la premisa de que el Ministerio Público puede ejercer efectivamente dicha prerrogativa al momento de acudir al tribunal competente para una determinación de causa probable para arresto bajo la Regla 6 de Procedimiento Criminal, *supra*. Ante nos se presenta una situación excepcional que la regla no previó. La Fiscalía acudió al tribunal de la Región Judicial de Utuado con el propósito de presentar los cargos contra el doctor Lebrón ante un Juez Municipal o de Distrito. Al no hallarse disponible juez alguno de tales categorías para atender el procedimiento bajo la Regla 6 de Procedimiento Criminal, *supra*, la Fiscal Sandra Gil de Lamadrid le solicitó al Juez Administrador interino que designara a un Juez Superior como juez instructor para que atendiera la determinación de causa probable para arresto.

En ese momento se encontraban citados y presentes los abogados de las partes, el acusado y los testigos. Ante la

anómala situación, la Fiscalía no tuvo otra alternativa que presentar los cargos ante un Juez Superior disponible, quien actuó como juez instructor. Estando todo listo para la celebración de la vista, no sólo era oneroso posponer la misma por causas ajenas a la voluntad de las partes, sino que resultaba contrario al principio de rapidez procesal consagrado en las Reglas de Procedimiento Criminal.[2] Posponer este tipo de vista por el hecho de que no haya un juez de categoría inferior disponible en el tribunal choca con el interés de economía y rapidez procesal que debe orientar nuestra interpretación de las Reglas de Procedimiento Criminal.

Ante la situación del presente caso, la Fiscal no podía ejercer su facultad de tener una segunda oportunidad sin provocar con ello la dilación innecesaria e injustificada del proceso. De los autos se desprende que el Ministerio Público no quería renunciar a su derecho de someter nuevamente las denuncias, y así consta en el expediente. No obstante, la citación para someter nuevamente las denuncias ante el Tribunal Municipal de Jayuya era totalmente improcedente. Un juez de inferior categoría no tiene autoridad para ver en alzada una determinación al amparo de la Regla 6 de Procedimiento Criminal, *supra*, emitida inicialmente por un Juez Superior.

## III

Anteriormente hemos reiterado el principio de que "no debe otorgarse a un solo funcionario la decisión única, final e irreversible de archivar una denuncia por falta de causa probable". *Álvarez v. Tribunal Superior*, 102 D.P.R. 236, 238 (1974). Véase, además, *Pueblo v. Cabrera González*, supra. Este principio debe interpretarse en conjunción con

---

[2] La Regla 1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone, en parte, que las reglas se interpretarán "*de modo que aseguren la tramitación justa de todo procedimiento y eviten dilaciones y gastos injustificados*". (Énfasis suplido.)

las normas procesales de nuestro ordenamiento penal. En otras ocasiones hemos interpretado de forma integral el texto de las Reglas de Procedimiento Criminal y, al así hacerlo, hemos ajustado su alcance para garantizar los derechos que en ellas se pretenden proteger. Véase *Álvarez v. Tribunal Superior*, supra.[3]

Por todo lo anterior, no debemos privar al Estado de su facultad para presentar las denuncias nuevamente, con la misma o con nueva prueba, por la inusual situación de que no había jueces de inferior jerarquía disponibles al momento de celebrarse la vista y que ante ello decidiera seguir adelante para no dilatar innecesariamente el proceso. Por ello, y a modo de excepción, reconocemos la potestad del Ministerio Público de presentar nuevamente las acusaciones contra el Dr. Milton Lebrón, con la misma o con otra prueba, *pero sólo ante otro Juez Superior*, que es el de mayor categoría dentro del Tribunal de Primera Instancia. De esta forma conciliamos el derecho del Estado a una segunda oportunidad de probar causa bajo la Regla 6 de Procedimiento Criminal, *supra*, y el principio de rapidez procesal con el requisito de que se presente ante un magistrado de categoría superior.

---

[3] Resultan ilustrativas las expresiones vertidas en *Pueblo v. Rodríguez Ríos*, 136 D.P.R. 685 (1994). Aunque se trataba de un caso bajo la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y por lo tanto distinguible del de autos, allí interpretamos las reglas, armonizando el derecho del imputado con el del Estado:

"... las citadas Reglas de Procedimiento Criminal le brindan, tanto al Ministerio Fiscal como al imputado de delito, la oportunidad de cuestionar la determinación de causa probable [para acusar], o causa por un delito menor incluido ....

.    .    .    .    .    .    .    .

"... parece ser obvio que el hecho de que el Estado haya hecho uso del derecho que le concede la citada Regla 24 de Procedimiento Criminal de solicitar una vista 'en alzada', *no puede tener la consecuencia de privar al imputado de delito de ejercitar el derecho que le concede el referido inciso (p) de la Regla 64 de Procedimiento Criminal de cuestionar si la determinación de causa probable para acusar fue hecha 'con arreglo a la ley y a derecho'.*" (Énfasis en el original suprimido y énfasis suplido.) *Pueblo v. Rodríguez Ríos*, supra, págs. 690–692.

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Corrada Del Río.

Nos corresponde resolver si erró el Tribunal de Circuito de Apelaciones, Circuito Regional III, al concluir que en un trámite de causa probable para efectuar un arresto —Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II— no existe posibilidad de que el Estado, ante una determinación adversa, pueda someter el asunto nuevamente con la misma u otra prueba ante otro juez cuando el asunto se somete por primera vez ante un Juez Superior, quien actuó en calidad de juez instructor. Por los fundamentos que expondremos a continuación, revocamos la sentencia recurrida.

I

El Dr. Milton Lebrón fue denunciado por varios cargos de preparación de escritos falsos (Art. 241 del Código Penal, 33 L.P.R.A. sec. 4437); falsificación de documentos (Art. 271 del Código Penal, 33 L.P.R.A. sec. 4591), y obtención de una sustancia controlada por medio de falsa representación (Art. 403(a)(3) de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2403(a)(3)). Se le imputó haber preparado unas recetas para medicamentos controlados utilizando en cada caso el nombre de una tercera persona ajena al asunto y luego retener para uso personal dichas sustancias controladas. Ello sucedió entre el 19 de enero y el 31 de marzo de 1995 en el Centro de Salud de Jayuya y en la Farmacia Padua de ese Municipio.

Así las cosas, el 10 de noviembre de 1995 el Ministerio Público acudió al Tribunal de la Región Judicial de Utuado para someter las denuncias correspondientes. Al no hallarse disponible ningún Juez Municipal o de Distrito para que atendiera el asunto, la Fiscal Sandra Gil de Lamadrid

le solicitó al Juez Administrador Interino que designara al Juez Superior John Maldonado como juez instructor para que atendiera la determinación de causa probable para arresto.[1] Ello en vista de que los abogados, el acusado y los testigos estaban presentes, por lo que era demasiado oneroso solicitar la suspensión.

La vista se celebró ante el Juez Maldonado quien, luego del desfile de la prueba y el contrainterrogatorio de los testigos, determinó no causa probable para arrestar en todos los casos.[2] Acto seguido, el Ministerio Público anunció en corte abierta que recurriría en alzada de tal dictamen, quedando citado el doctor Lebrón para el 7 de diciembre de 1995 ante el Tribunal Municipal de Jayuya. Posteriormente se hizo la solicitud mediante una moción a dichos efectos.

Así las cosas, el 30 de noviembre de 1995, el doctor Lebrón acudió ante el Tribunal de Circuito de Apelaciones alegando que, habiéndose sometido originalmente el trámite de causa probable para arresto ante un Juez Superior, no puede someterse nuevamente porque ello no es procedente ante un juez de igual jerarquía (Superior) y, mucho menos, ante otro de menor jerarquía (Distrito o Municipal). En oposición, el Estado expuso que aunque el título del cargo del juez que no halló causa probable es Juez Superior, en ese momento actuaba como juez instructor, por lo que el asunto puede ser traído a la atención de un Juez de Distrito o Superior.

Mediante Sentencia de 19 de enero de 1996 el Tribunal de Circuito de Apelaciones resolvió que luego que el Estado sometió las denuncias ante un juez instructor con categoría de Juez Superior, no existe magistrado alguno dentro

---

[1] Véase a dichos efectos la copia de la declaración jurada suscrita por la Fiscal Lamadrid en la pág. 11 del Apéndice del recurso ante nos.

[2] En el escrito presentado ante nos por el acusado recurrido, alegó que el Juez Maldonado, al dar comienzo a la vista, no anunció que actuaba como juez instructor. No obstante, el Ministerio Público sometió una declaración jurada donde hace constar que la solicitud hecha al Juez Administrador Interino fue a dichos extremos.

del Tribunal de Primera Instancia, con rango superior, ante el cual el Ministerio Público pueda recurrir en juicio *de novo* al amparo de la Regla 6 de Procedimiento Criminal, *supra*.

No conforme, acude ante nos el Estado y formula el señalamiento de error siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el Pueblo de Puerto Rico no podía recurrir en alzada de una determinación de causa, cuando por causa ajena al Ministerio Público la Rama Judicial no tenía disponible un Juez Municipal para atender el asunto en primera instancia. Petición de *certiorari*, pág. 3.

Mediante Resolución de 21 de marzo de 1996, concedimos al acusado recurrido, Milton Lebrón, un término de treinta (30) días para que mostrara causa por la cual no se debía revocar la sentencia dictada por el Tribunal de Circuito de Apelaciones. Habiendo comparecido el acusado recurrido, estamos en posición de resolver. Resolvemos según lo intimado.

## II

El inciso (c) de la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone, en lo pertinente, que:

> (c) Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante o sus testigos, si algunos, el magistrado determinare la inexistencia de causa probable, no podrá presentarse denuncia o acusación de clase alguna. En tal caso o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquél que el fiscal entendiere procedente, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia.

Dicho inciso fue interpretado por este Tribunal en *Pueblo v. Cabrera González*, 130 D.P.R. 998, 1002 (1992), donde resolvimos que "el Estado debe seguir rigurosa-

mente el trámite de revisión dispuesto en la Regla 6(c) de Procedimiento Criminal, *supra*: someter el asunto a un magistrado de *categoría superior* del Tribunal de Primera Instancia significa al juez del foro que *inmediatamente* sigue en jerarquía a aquel donde se originó inicialmente la determinación, y que esa oportunidad existe una sola vez". (Énfasis en el original.)

Posterior a dicho caso fue aprobada por la Asamblea Legislativa la nueva Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995. Mediante dicha ley se adoptó "un sistema vertical que consiste en un Tribunal de Primera Instancia consolidado, de jurisdicción original con competencia unificada para atender todo tipo de casos y causas; de un tribunal intermedio apelativo y del Tribunal Supremo como tribunal de última instancia". Exposición de Motivos, Plan de Reorganización Núm. 1a de 1994, Parte 3, Leyes de Puerto Rico, pág. 2802.

Así, mediante la Orden Administrativa Núm. IV de 20 de enero de 1995 (4 L.P.R.A. Ap. XXIII), se dispuso que

[l]a Ley de la Judicatura de Puerto Rico de 1994 dispone para la creación gradual de una sola categoría de Juez con competencia general en el Tribunal de Primera Instancia—el Juez Superior. Esto tendrá lugar con la paulatina abolición de las plazas de Juez de Distrito y su conversión a plazas de Juez Superior. Durante el período de ocho (8) años que tomará esta conversión, prevalecerá un sistema de competencias, tanto territoriales como sobre la materia, sustancialmente similar al vigente antes de que la Ley entrase en vigor. La única diferencia es que durante dicho período el Juez Superior tendrá competencia concurrente con el Juez de Distrito y el Juez Municipal en aquellos asuntos y casos que con anterioridad a la vigencia de la ley eran de la competencia de estos últimos. También tendrá competencia concurrente con el Juez Municipal sobre aquellos casos y asuntos que en virtud de la nueva ley le fueron conferidos a este Juez. (Énfasis suplido.)

Conforme al estado de derecho vigente hoy, el Juez Superior tiene competencia general, habiendo un Tribunal de Primera Instancia consolidado. Éste posee competencia

concurrente con el Juez Municipal sobre aquellos asuntos que le fueron conferidos a este último en virtud de la Ley de la Judicatura de Puerto Rico de 1994. Cuando ello suceda bajo las circunstancias del caso de autos, el primero actúa en calidad de juez instructor.

Tal competencia concurrente no pretendió eliminar el derecho a someter el asunto de nuevo con la misma o con otra prueba ante otro magistrado. Ello puesto que dicho mecanismo es en sí una garantía adicional de pureza y corrección en la total exoneración del acusado sin someterlo a juicio. En *Álvarez v. Tribunal Superior*, 102 D.P.R. 236, 238 (1974), indicamos al respecto:

> Un balance racional entre los intereses del individuo y el Estado no debe otorgar a un solo funcionario la decisión única, final e irrevisable de archivar una denuncia por falta de causa probable. La apelación, la revisión y el derecho a acudir a un foro más alto son parte principalísima de nuestro sistema de enjuiciamiento desde su incepción.

Ello fue reiterado por este Tribunal en *Pueblo v. Cabrera González*, supra.

Esto es, el Juez Superior John Maldonado actuó en el caso de autos en calidad de juez instructor, por lo que su categoría no debe servir a manera de coartar un derecho que le asiste al Estado, cuyo derecho es esencial en nuestro sistema de enjuiciamiento. Claro está, cuando un Juez Superior actúa bajo la citada Regla 6 de Procedimiento Criminal en calidad de juez instructor, corresponde que la vista que dispone el inciso (c) de la Regla 6, *supra*, se vea ante un Juez Superior del Tribunal de Primera Instancia designado para entender en la celebración de tales vistas. Nótese que la Ley de la Judicatura de Puerto Rico de 1994, en su Art. 5.004 (4 L.P.R.A. sec. 22n), interpretado a la luz de las disposiciones de la actual Regla 6(c) de Procedimiento Criminal, *supra*, no le confiere tal facultad a los Jueces Municipales, sino que sólo autoriza que éstos vean

la determinación de causa probable, no incluyéndose las vistas en alzada.([3])

Además, véase por analogía el caso *Pueblo v. Rodríguez Ríos*, 136 D.P.R. 685 (1994), donde se trataba de una vista en alzada celebrada ante un Juez Superior, presentando luego el acusado una moción de desestimación de la acusación bajo la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Alegó el acusado que no se determinó causa probable con arreglo a la ley y a derecho. Esta moción fue referida ante otro Juez Superior, quien determinó que no tenía autoridad para revisar la determinación de causa probable en alzada que se había llevado a cabo, por tratarse de jueces de igual categoría. Allí resolvimos que el juez que actúa y preside una vista bajo el citado inciso (p) de la Regla 64 no "revisa" al juez que determinó causa probable en la vista en alzada, razón por la cual poco importa que se trate de magistrados de igual categoría. Asimismo señalamos que el hecho de que el Estado haya hecho uso del derecho que le concede la Regla 24 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, de solicitar una vista en alzada, no puede tener la consecuencia de privar al imputado de delito de ejercitar el derecho que le concede el referido inciso (p) de la Regla 64 de cuestionar si la determinación de causa probable para acusar fue hecha con arreglo a la ley y a derecho.

En el caso de autos, al igual que en *Pueblo v. Rodríguez Ríos*, supra, el juez que vea la vista en alzada no "revisa" al

---

([3]) Cabe señalar que el Informe de Reglas de Procedimiento Criminal de la Conferencia Judicial de Puerto Rico de febrero de 1996, pág. 42, propone, en lo pertinente, en la Regla 207, equivalente en parte a la vigente Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, lo siguiente:

"(e) ... Cuando no se determine causa o cuando la determinación de causa probable sea por un delito inferior o distinto a aquél que el Ministerio Fiscal entienda procedente, éste podrá someter el asunto en una sola próxima ocasión, con la misma o con otra prueba a otro juez del Tribunal de Primera Instancia, designado para entender en la celebración de vistas preliminares en alzada...."

Nótese que no incorpora la limitación de que la vista sea ante un magistrado de superior jerarquía.

juez que consideró originalmente la determinación de causa probable para arresto.

En conclusión, resolvemos que el Estado puede recurrir ante un Juez Superior del Tribunal de Primera Instancia, designado para entender en la celebración de este tipo de vistas, sobre una determinación adversa (causa por delito menor o no causa), cuando el asunto se somete por primera vez ante un Juez Superior en calidad de juez instructor. Ello es cónsono con nuestro estado de derecho actual y nuestro sistema de justicia.

Por los fundamentos antes expuestos, procede revocar la sentencia dictada por el Tribunal de Circuito de Apelaciones el 19 de enero de 1996 y ordenar que en el caso de autos la vista dispuesta en la citada Regla 6(c) de Procedimiento Criminal se dilucide ante un Juez Superior del Tribunal de Primera Instancia.