EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Omar Gabriel Cosme Andino<br><br>Recurrido | Certiorari<br><br>2018 TSPR 103<br><br>200 DPR ____ |

Número del Caso: CC-2016-722

Fecha: 31 de mayo de 2018

Tribunal de Apelaciones:

    Región Judicial de Carolina, Humacao Panel X

Oficina del Procurador General:

    Lcda. Margarita Mercado Echegaray
    Procuradora General

    Lcdo. Luis Román Negrón
    Procurador General

Abogado de la parte recurrida:

    Lcdo. Víctor Ramos Rodríguez

Materia: Derecho procesal penal – Cuando un Juez Municipal o un Juez Superior determine que no hay causa probable para arresto, o solo encuentre causa probable para un delito menor o distinto al imputado en la denuncia, el Ministerio Público podrá someter el asunto nuevamente, con la misma o con otra prueba, ante otro Juez Superior.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      v.           CC-2016-0722    *Certiorari*

Omar Gabriel Cosme Andino

    Recurrido

La Jueza Presidenta Oronoz Rodríguez emitió la Opinión del Tribunal

En San Juan, Puerto Rico, a 31 de mayo de 2018.

Un Juez Superior toma una determinación adversa al Estado en la vista de Regla 6 de Procedimiento Criminal, ya sea porque no encontró causa probable para arresto o porque encontró causa para un delito menor o distinto al imputado. ¿Puede el Ministerio Público someter el asunto nuevamente ante otro Juez Superior, a pesar de que es un juez de igual jerarquía? Por los fundamentos que exponemos a continuación, resolvemos que el Estado puede recurrir en alzada ante otro Juez Superior.

I

La controversia ante nosotros es una procesal por lo que limitaremos el relato de los hechos a ese particular.

El Ministerio Público presentó denuncias contra el Sr. Omar Gabriel Cosme Andino por imprudencia o negligencia temeraria al conducir un vehículo de motor y manejar bajo los efectos de bebidas embriagantes.[1] Luego de examinar el caso, el Juez Superior Yamil E. Marrero Viera determinó que no había causa probable para arresto por ninguna de las denuncias presentadas.

El Ministerio Público solicitó una vista en alzada conforme con la doctrina que se estableció en Alvarez v. Tribunal Superior, 102 DPR 236 (1974).[2] El señor Cosme Andino se opuso y alegó que el Ministerio Público presentó las denuncias ante un Juez Superior que determinó no causa y que la Regla 6(c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 6(c), establece que la revisión de esa determinación tiene que ser atendida por un "magistrado de **categoría superior** del Tribunal de Primera Instancia" (énfasis suplido).[3] Además, señaló que no están presentes las circunstancias excepcionales del caso Pueblo v. Lebrón, 141 DPR 736 (1996), que harían permisible obviar ese requisito. Sostuvo que el día de la vista de Regla 6 había jueces municipales disponibles y que el Juez Superior que atendió la vista no fue designado como juez instructor.

El Ministerio Público replicó y destacó el efecto que tuvo la Ley de la Judicatura de 1994 en el esquema de la Regla 6(c) de Procedimiento Criminal.[4] Entre otras cosas, señaló

---

[1] Apéndice, págs. 22-23.
[2] Íd., pág. 24.
[3] Íd., págs. 25-26.
[4] Íd., pág. 30.

que la Orden Administrativa Núm. XI de 30 de junio de 1999 estableció que los Jueces Municipales y Superiores tendrán jurisdicción concurrente en la determinación de causa probable para arresto, pero que la vista en alzada se ventilará ante los Jueces Superiores. Concluyó que la Regla 6(c) concede al Estado una segunda y última oportunidad de presentar su caso, de modo que el Ministerio Público puede acudir en alzada ante un Juez Superior, incluso cuando otro Juez Superior fue quien tomó la determinación inicial.

El Tribunal de Primera Instancia resolvió que, como el Ministerio Público sometió voluntariamente el trámite inicial de Regla 6 ante un magistrado de categoría Juez Superior, se debe entender que renunció a su derecho a la Regla 6 en alzada.[5] Para su determinación, hizo referencia a la Opinión concurrente del Juez Asociado Hernández Denton en el caso Pueblo v. Lebrón, supra. Como consecuencia, desestimó las denuncias y mantuvo la determinación original de no causa.

Inconforme, el Estado presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. Cuestionó que el foro primario basara su decisión en la Opinión concurrente del Juez Hernández Denton en Pueblo v. Lebrón, supra, en lugar de considerar la Sentencia que emitió el Tribunal y el resto de las opiniones particulares.

El Tribunal de Apelaciones no expidió el recurso de *certiorari* por entender que no aplicaban ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de

---

[5] Íd., pág. 20.

Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Señaló que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del Tribunal de Primera Instancia cuando haya incurrido en arbitrariedad, en un craso abuso de discreción o en una interpretación o aplicación errónea de la ley. Resolvió que no encontró justificación para concluir que el foro primario erró en derecho al desestimar las denuncias y mantener la determinación de no causa para arresto. Además, destacó que el Estado no lo puso en posición de conocer las circunstancias por las cuales un Juez Superior atendió inicialmente las denuncias.

Insatisfecho, el Estado presentó un recurso de *certiorari* ante este Tribunal. En primer lugar, cuestionó que el foro apelativo intermedio denegara el recurso de *certiorari*. Señaló que no se trata de una determinación interlocutoria discrecional, sino de la interpretación del alcance de una disposición legal. Por otro lado, además de reiterar los argumentos que presentó ante los foros inferiores, el Estado indicó que la Ley de la Judicatura de 1994 enmendó tácitamente la Regla 6(c) de Procedimiento Criminal en lo que se refiere al magistrado de categoría superior. Finalmente, destacó los problemas prácticos de la norma propuesta por el señor Cosme Andino, pues usualmente los policías presentan las denuncias y las partes no tienen control sobre la designación de jueces al momento de presentarlas.

Tras evaluar los argumentos, expedimos el recurso. Con el beneficio de la comparecencia de ambas partes resolvemos.

II

A. Antecedentes de la Regla 6(c) de Procedimiento Criminal

La acción penal inicia con la determinación judicial de que existe causa probable para arresto. Este requisito tiene rango constitucional.[6] Además, la Regla 6 de Procedimiento Criminal codifica esta exigencia constitucional y regula sus particularidades.[7]

En 1974 este Tribunal publicó una opinión breve, pero importante, para la controversia que nos ocupa. En Alvarez v. Tribunal Superior, supra, un magistrado del Tribunal de Distrito determinó que no existía causa probable para arresto contra el Sr. Héctor Alvarez Manzanet. El Estado radicó una nueva denuncia y un magistrado del Tribunal Superior encontró causa probable para arresto. Inconforme, el señor Alvarez Manzanet impugnó esa determinación y presentó un recurso de *certiorari* ante este Tribunal.

En ese momento, la Regla 6 no disponía nada sobre la facultad del Estado de revisar una determinación de no causa

---

[6] Const. PR, Art. II, Sec. 10, LPRA, Tomo 1 ("Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse"); Const. EE. UU. Enmda. IV, LPRA, Tomo 1 ("[N]o warrants shall issue, but upon probable cause, supported by oath or affirmation").

[7] Regla 6(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 6(a) ("Si de una denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a)").

para arresto. Esto, a pesar de que la Regla 24(c) de Procedimiento Criminal autorizaba expresamente la revisión -ante un magistrado de categoría superior- de la determinación en vista preliminar de no causa para acusar. No obstante lo anterior, resolvimos que la determinación de no causa para arresto también era revisable. Establecimos que "[h]ay un claro terreno común entre las Reglas 6 y 23 de Procedimiento Criminal en cuanto ambas regula[n] la determinación de causa probable, sin la cual no podrá darse curso a la denuncia". Alvarez v. Tribunal Superior, supra, pág. 238. Por lo tanto, basándonos en una interpretación analógica, reconocimos el "derecho a someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior, en sí garantía adicional de pureza y corrección en la total exoneración del acusado sin someterlo a juicio". Íd. En fin, concluimos que

> [u]n balance racional entre los intereses del individuo y el Estado no debe otorgar a un solo funcionario la decisión única, final e irrevisable de archivar una denuncia por falta de causa probable. La apelación, la revisión y el derecho a acudir a un foro más alto son parte principalísima de nuestro sistema de enjuiciamiento desde su incepción. Íd.

Por consiguiente, validamos la determinación del magistrado del Tribunal Superior.

Por otro lado, en Pueblo v. Pérez Suárez, 116 DPR 807 (1986), abundamos sobre lo que resolvimos en Alvarez v. Tribunal Superior, supra. En este caso un agente de la policía condujo al Sr. Jaime Pérez Suárez ante un Juez Municipal de Lajas. Este se abstuvo de hacer algún señalamiento sobre la

existencia de causa probable para arresto y ordenó al agente investigar nuevamente el caso. Poco después, el mismo agente sometió el asunto ante un Juez Municipal de Mayagüez, quien no encontró causa para arresto. El caso se sometió nuevamente ante otro juez, esta vez un Juez de Distrito de San Germán, quien determinó causa probable para arresto. En desacuerdo, el señor Pérez Suárez solicitó la desestimación de la acusación. Como el tribunal de instancia denegó la solicitud, el señor Pérez Suárez acudió ante este Tribunal.

En primer lugar, resolvimos que "[l]a determinación de un juez municipal de que no existe causa probable para efectuar un arresto no es final". Pueblo v. Pérez Suárez, supra, pág. 810. Esto, pues, si en Alvarez v. Tribunal Superior, supra, concluimos que no es final la determinación de no causa probable de los jueces de distrito, tampoco lo debe ser cuando lo determinan los jueces municipales. Ahora bien, aunque reconocimos el derecho de someter el asunto a un magistrado de categoría superior, destacamos que el Estado debe cumplir con un procedimiento. En este caso particular, como el primer Juez Municipal ordenó la reinvestigación del caso, el agente debía "someterlo al mismo juez o dar los pasos para que se acudiera a un magistrado de mayor jerarquía". Pueblo v. Pérez Suárez, supra, pág. 811. Por lo tanto, "llevar el asunto ante otro juez municipal era impermisible". Íd.

B. Regla 6(c) de Procedimiento Criminal: Texto y Procedimiento

En 1986 se aprobó la Ley Núm. 80 de 9 de julio de 1986, la cual enmendó las Reglas de Procedimiento Criminal para que

fueran cónsonas con lo que se resolvió en <u>Alvarez v. Tribunal</u> <u>Superior</u>, <u>supra</u>. La Exposición de Motivos de la enmienda cita directamente el caso y destaca que las enmiendas a las Reglas "van encaminadas a establecer con claridad el procedimiento a seguir en aquellos casos en que el Estado solicite la revisión de una determinación de causa que no le es favorable". Exposición de Motivos, Ley Núm. 80 de 9 de julio de 1986. En lo pertinente a nuestra controversia, esta ley añadió un inciso (c) a la Regla 6 y dispuso que, si el magistrado determina la inexistencia de causa probable o determina causa probable por un delito inferior o distinto al imputado, el fiscal podrá "someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia". Regla 6(c) de Procedimiento Criminal, <u>supra</u>.[8]

A pesar de la enmienda, las controversias continuaron. En <u>Pueblo v. Cabrera González</u>, 130 DPR 998 (1992), por ejemplo, un Juez Municipal determinó la inexistencia de causa probable para arresto contra el Sr. Guillermo Cabrera González. El Ministerio Público sometió el caso ante un Juez del Tribunal de Distrito quien tampoco encontró causa.

---

[8] Regla 6(c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 6(c) ("Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante o sus testigos, si algunos, el magistrado determinare la inexistencia de causa probable, no podrá presentarse denuncia o acusación de clase alguna. En tal caso o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquél que el fiscal entendiere procedente, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia. El magistrado, una vez tenga ante sí dicha solicitud, podrá prontamente expedir u ordenar al secretario del tribunal que expida citación tanto al imputado como a los testigos de cargo anunciados, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados").

Basándose en un análisis literal de la Regla 6(c) y su referencia a un magistrado de categoría superior, el Estado sometió el asunto por tercera vez, pero en esta ocasión ante el Tribunal Superior. Dicho foro resolvió que no procedía su intervención. Inconforme, el Estado acudió ante nosotros. Debíamos resolver si se podía someter el caso por tercera vez, pues aún estaba disponible recurrir ante un Juez Superior.

En esa ocasión interpretamos por primera vez el inciso (c) de la Regla 6. Primero, enfatizamos que la frase *someter el asunto nuevamente* está concebida en término singular. <u>Íd.</u>, págs. 1000-1001. Segundo, establecimos que la referencia a un magistrado de superior jerarquía "implica que no puede ser del mismo nivel o uno menor". <u>Íd.</u>, pág. 1001. Finalmente, señalamos que la referencia al Tribunal de Primera Instancia conlleva la exclusión del Tribunal Supremo, de modo que no intervenimos en esta etapa del encausamiento.

Por otro lado, indicamos que nuestro ordenamiento permite que las determinaciones adversas del Tribunal Municipal se revisen en el Tribunal de Distrito y las del Tribunal de Distrito en el Tribunal Superior. <u>Íd.</u> No obstante, destacamos "los problemas inherentes que genera ese tipo de procedimiento susceptible de ser abusado de no limitarse el número de revisiones o de no condenar la práctica de probar fortuna (*Judge Shopping*) con jueces de igual rango hasta obtener una determinación favorable". <u>Íd.</u>, págs. 1001-1002. Para evitar ese posible abuso, concluimos que "someter el

asunto a un magistrado de categoría superior del Tribunal de Primera Instancia significa al juez del foro que inmediatamente sigue en jerarquía a aquel donde se originó inicialmente la determinación, y que esa oportunidad existe una sola vez". Íd., pág. 1002.

C. Ley de la Judicatura de 1994

La Regla 6(c) de Procedimiento Criminal se aprobó cuando aún estaba vigente la Ley de la Judicatura de 1952, Ley Núm. 11 de 24 de julio de 1952. No obstante, en 1994 se aprobó la Ley de la Judicatura de 1994, Plan de Reorganización Núm. 1(a) de 28 de Julio de 1994. Esta ley derogó la Ley de la Judicatura de 1952 y adoptó "un sistema vertical que consiste en un Tribunal de Primera Instancia consolidado, de jurisdicción original con competencia unificada para atender todo tipo de casos y causas; de un tribunal intermedio apelativo y del Tribunal Supremo como tribunal de última instancia". Exposición de Motivos, Plan de Reorganización Núm. 1(a) de 1994.

En cuanto al Tribunal de Primera Instancia, el Artículo 5.001 dispuso que "[e]l Tribunal de Primera Instancia será un tribunal de jurisdicción original general, con autoridad para actuar a nombre y por la autoridad del Estado Libre Asociado de Puerto Rico, en todo procedimiento civil o criminal, según se disponga por ley". Art. 5.001 de la Ley de la Judicatura de 1994. Con respecto a los casos criminales, el Tribunal de Primera Instancia atendería toda causa por delito grave o menos grave. Art. 5.003 de la Ley de la Judicatura de 1994.

Ahora bien, en lo criminal la competencia de los Jueces Municipales se limitó a algunos asuntos interlocutorios, entre ellos, la determinación de causa probable y expedición de órdenes para el arresto o citación y registro y allanamiento. Art. 5.004 de la Ley de la Judicatura de 1994.

D. Pueblo v. Lebrón

Ya vigente la Ley de la Judicatura de 1994 surge nuevamente una controversia sobre el significado de la frase "magistrado de categoría superior". En Pueblo v. Lebrón, supra, el Ministerio Público presentó varias denuncias contra el Sr. Milton Lebrón. Como no había ningún Juez Municipal disponible, el asunto se sometió ante un Juez Superior que fue designado como juez instructor. El Juez determinó no causa para arresto en todos los cargos imputados. El Ministerio Público solicitó la revisión en alzada ante un Juez Municipal. En desacuerdo, el señor Lebrón acudió ante el Tribunal de Circuito de Apelaciones y alegó que era improcedente someter el asunto ante un juez de igual jerarquía y, mucho menos, ante otro de menor jerarquía. El foro apelativo resolvió que, como el Estado sometió las denuncias ante un Juez Superior, no existía magistrado alguno con categoría superior que pudiera revisar la determinación de no causa.

Este Tribunal emitió una Sentencia donde, "conforme al estado de derecho actual y a nuestro sistema de justicia", revocó la sentencia del foro apelativo intermedio y ordenó celebrar la vista de Regla 6 en alzada ante un Juez Superior. Pueblo v. Lebrón, supra, pág. 737. Tres jueces emitieron

opiniones particulares: el Juez Asociado Corrada Del Río emitió una Opinión de conformidad, el Juez Asociado Negrón García emitió una Opinión concurrente, y el Juez Asociado Hernández Denton emitió una Opinión concurrente, a la cual se unió el Juez Presidente Andréu García.

En su Opinión de conformidad, el Juez Asociado Corrada Del Río sostuvo que ahora el Tribunal de Primera Instancia es uno consolidado, con un Juez Superior con competencia general quien posee competencia concurrente con el Juez Municipal en algunos asuntos. Añadió que "[t]al competencia concurrente no pretendió eliminar el derecho a someter el asunto de nuevo con la misma o con otra prueba ante otro magistrado. Ello puesto que dicho mecanismo es en sí una garantía adicional de pureza y corrección en la total exoneración del acusado sin someterlo a juicio". Íd., pág. 751.

A su vez destacó el caso Pueblo v. Rodríguez Ríos, 136 DPR 685 (1994), donde resolvimos que un Juez Superior puede atender una moción de desestimación basada en que otro Juez Superior no determinó causa probable conforme a derecho. Esto, pues, el juez que preside la vista de desestimación "no 'revisa' al juez que determinó causa probable en la vista en alzada, razón por la cual poco importa que se trate de magistrados de igual jerarquía". Pueblo v. Lebrón, supra, pág. 750 (J. Corrada Del Río, Op. de conformidad). Según estableció, "el juez que vea la vista en alzada no 'revisa' al juez que consideró originalmente la determinación de causa probable para arresto". Íd., págs. 752-753. En fin, concluyó

que el Estado puede revisar la determinación adversa de un Juez Superior, ya sea porque no encontró causa o encontró causa por un delito inferior o distinto, ante otro Juez Superior del Tribunal de Primera Instancia.

Por su parte, el Juez Asociado Negrón García también entendió que puede revisarse la determinación adversa ante otro Juez Superior. Que un Juez Superior participe en calidad de juez instructor -es decir, en la determinación inicial de causa probable- "no tiene el efecto de anular el derecho del Ministerio Público de acudir en alzada ante otro magistrado, luego de recibir una determinación negativa de causa para arresto". Íd., págs. 739-740. Además, para el Juez Negrón García, lo que la Regla 6(c) dispone es que un juez de inferior jerarquía no tiene facultad para atender el asunto en alzada. Por consiguiente, concluyó que cuando un Juez Superior actúa en calidad de juez instructor, su determinación adversa sólo puede ser atendida en alzada por otro Juez Superior. Íd., págs. 740-741.

Finalmente, en su Opinión concurrente el Juez Asociado Hernández Denton interpretó que "[e]l requisito de que se trate de un magistrado de 'categoría superior' no se refiere exclusivamente al foro, sino que se refiere más bien a la categoría del magistrado". Íd., pág. 743. Así, concluyó que "cuando un juez actúa como magistrado en un trámite al amparo de la Regla 6 de Procedimiento Criminal lo hace 'en su capacidad individual en el ejercicio de sus funciones y facultad para determinar la existencia de causa probable'".

Íd. (citas omitidas); véase Pueblo v. Tribunal Superior, 95 DPR 412, 413 (1967) (Resolución).

Para el Juez Hernández Denton, "si el Ministerio Público decide voluntariamente presentar el trámite de la Regla 6 de Procedimiento Criminal, supra, inicialmente ante un Juez Superior, que es el de mayor categoría dentro del Tribunal de Primera Instancia, debe entenderse que ha renunciado a su derecho a la segunda oportunidad". Íd., pág. 744. Ahora bien, como no había ningún Juez Municipal disponible, concluyó que "[p]osponer este tipo de vista por el hecho de que no haya un juez de categoría inferior disponible en el tribunal choca con el interés de economía y rapidez procesal que debe orientar nuestra interpretación de las Reglas de Procedimiento Criminal". Íd., pág. 745. En escenarios como este, y a modo de excepción, la determinación adversa puede revisarse en alzada, "pero sólo ante otro Juez Superior". Íd., pág. 746.

                                    III

Debemos resolver si, habiéndose visto la Regla 6 ante un Juez Superior, se puede ver la vista en alzada ante un Juez de igual jerarquía. Específicamente ante el lenguaje de la Regla que especifica que la revisión de esa determinación se atenderá por un "magistrado de categoría superior del Tribunal de Primera Instancia".

Por un lado, el Estado sostiene que, como el Tribunal de Primera Instancia se equivocó en su interpretación, el Tribunal de Apelaciones erró al denegar el recurso de

*certiorari*. Para el Estado, el foro de instancia actuó incorrectamente al basarse en la Opinión concurrente de Hernández Denton en Pueblo v. Lebrón, supra, únicamente pues la Sentencia resolvió que, cuando un Juez Superior determina no causa probable para arresto, la vista en alzada puede celebrarse ante otro Juez Superior. Además, plantea que la Ley de la Judicatura de 1994 enmendó tácitamente la Regla 6(c) de Procedimiento Criminal y que no se podían ignorar los problemas prácticos de la norma propuesta por la otra parte.

En cambio, el señor Cosme Andino defiende el análisis expuesto por el Juez Asociado Hernández Denton, esto es, que se examine si había un Juez Municipal disponible y si el Ministerio Público consiguió que el Juez Administrador designara a un Juez Superior como juez instructor. Además, el recurrido entiende que los hechos particulares de Pueblo v. Lebrón, supra, también fueron importantes para los Jueces Asociados Corrada Del Río y Negrón García. Por otro lado, enfatiza aquella jurisprudencia que sanciona la práctica de probar fortuna entre jueces de igual rango hasta obtener una determinación favorable. En fin, el recurrido alega que el Ministerio Público radicó la denuncia ante un Juez Superior y considera que eso implicó que renunció a recurrir en alzada.

Examinados los fundamentos de la revisión en alzada, nuestra jurisprudencia y las consecuencias de las distintas interpretaciones disponibles, resolvemos que el Estado puede recurrir en alzada de la determinación adversa de causa

probable ante un Juez Superior independientemente de que la determinación inicial la tomó otro Juez Superior.

En primer lugar, en Alvarez v. Tribunal Superior, supra, pág. 238, reconocimos que la decisión de archivar una denuncia por falta de causa probable no puede depender de un solo funcionario. La importancia de reconocer el derecho a revisar una determinación adversa es que a través de la determinación de causa probable se inicia la acción penal. Además, someter el asunto de nuevo es "en sí garantía adicional de pureza y corrección". Íd. Estos fundamentos, reconocidos expresamente en la Exposición de Motivos de la Ley Núm. 80 de 9 de julio de 1986, se salvaguardan si se permite al Estado someter la denuncia una segunda vez, con la misma o con otra prueba, ante otro Juez Superior.

En segundo lugar, nunca hemos resuelto que el Estado renuncia a su derecho a revisar la determinación adversa si la determinación inicial la realiza el juez de mayor jerarquía. Por el contrario, este Tribunal validó la revisión de la determinación de un magistrado del Tribunal de Distrito ante un magistrado del Tribunal Superior; rechazó que se someta el asunto nuevamente ante otro Juez Municipal cuando aún está disponible un magistrado de mayor jerarquía y también rechazó que se someta el caso una tercera vez ante un Juez Superior luego de las determinaciones adversas de un Juez Municipal y un Juez de Distrito. Alvarez v. Tribunal Superior, supra; Pueblo v. Pérez Suárez, supra; Pueblo v. Cabrera González, supra. Solamente atendió esta situación mediante

Sentencia en Pueblo v. Lebrón, supra, y se resolvió a favor del Estado. Por lo tanto, no ha establecido la norma de qué ocurre con la revisión si el caso se somete inicialmente ante el magistrado de mayor jerarquía.

En tercer lugar, debemos analizar las consecuencias de las dos interpretaciones posibles. Según el señor Cosme Andino, permitir que se someta la denuncia de nuevo ante otro Juez Superior fomenta la práctica de probar fortuna entre jueces de igual rango hasta obtener una determinación favorable. Sin embargo, el Juez Superior al cual se recurre en alzada no revisa la determinación anterior. Es decir, "no es un trámite de apelación de la primera vista, sino un trámite independiente, separado y distinto". Pueblo v. Martínez Rivera, 144 DPR 631, 646 (1997). Por consiguiente, entendemos que el argumento de probar fortuna (*forum shopping*) es desacertado, pues la propia Regla permite que la denuncia se someta ante otro magistrado y esa oportunidad adicional sólo existe una vez. Pueblo v. Cabrera González, supra. Además, conviene destacar que el Ministerio Público no selecciona al magistrado de su preferencia, ya sea Juez Municipal o Juez Superior, por lo que no puede hablarse de *judge shopping* en esta situación.

Si se adoptara la postura del señor Cosme Andino el Estado perdería el derecho a tener una segunda oportunidad, que surge de la propia regla, sólo porque un Juez Superior atendió la denuncia inicialmente; algo que está fuera del control del Ministerio Público. El Estado señala,

acertadamente, que como el Ministerio Público no tiene injerencia sobre la decisión administrativa de asignar a un Juez Superior a atender una sala de Regla 6, sería impráctico e injusto exigirle justificar por qué la vista inicial de Regla 6 se celebró ante un Juez Superior. En consecuencia, no puede inferirse que el Ministerio Público renuncia a acudir a una Regla 6 en alzada por el mero hecho de que la determinación adversa en Regla 6 la tomó un Juez Superior.

Además, resulta claro que la Ley de la Judicatura de 2003 faculta a los Jueces Superiores a atender tanto la determinación inicial de causa probable para arresto como la determinación en alzada. Esto, pues, reconoce que los Jueces Superiores tendrán competencia sobre todo caso o controversia. 4 LPRA sec. 25c.[9] En cambio, los jueces municipales sólo tienen facultad para resolver "la determinación de causa probable y expedición de órdenes para el arresto o citación". 4 LPRA sec. 25d. Por lo tanto, una determinación adversa de un Juez Municipal o un Juez Superior sólo se puede recurrir en alzada ante un Juez Superior. Así se evita el resultado anómalo advertido por el Juez Asociado Negrón García de que un Juez Municipal esté "revisando" la determinación de un Juez Superior. Pueblo v. Lebrón, supra, pág. 741 (J. Negrón García, Op. concurrente).

---

[9] De ordinario, un Juez Superior no atiende la vista inicial de Regla 6. Sin embargo, para asegurar la agilidad y eficiencia de los procesos judiciales y conforme a las Reglas para la Administración del Tribunal de Primera Instancia, según enmendadas, 4 LPRA Ap. II-B, en ocasiones Jueces Superiores realizan la determinación inicial de causa probable cuando un Juez Municipal se ausenta o hay mucha carga de trabajo en las salas de investigaciones.

En fin, cuando un Juez Municipal o un Juez Superior determine que no hay causa probable para arresto, o solo encuentra causa probable para un delito menor o distinto al imputado en la denuncia, el Ministerio Público podrá someter el asunto nuevamente, con la misma o con otra prueba, ante otro Juez Superior del Tribunal de Primera Instancia.

IV

En este caso las denuncias contra el señor Cosme Andino se atendieron por el Juez Superior Marrero Viera. Este determinó que no había causa probable para arresto por ninguna de las denuncias. El Ministerio Público solicitó una vista en alzada al amparo de la Regla 6(c) de Procedimiento Criminal. Sin embargo, el Tribunal de Primera Instancia desestimó la denuncia pues concluyó que el Ministerio Público renunció a solicitar la revisión al iniciar el trámite de Regla 6 ante un Juez Superior. Según los fundamentos expuestos en esta Opinión, esa interpretación de derecho del Tribunal de Primera Instancia fue errónea.

Al tratarse de una interpretación equivocada de derecho, el Tribunal de Apelaciones erró al denegar el recurso de *certiorari*.[10] El foro apelativo intermedio debió resolver que la vista en alzada contra el señor Cosme Andino se podía celebrar ante otro Juez Superior del Tribunal de Primera Instancia.

Por los fundamentos antes expresados, se revoca la determinación del Tribunal de Apelaciones y se devuelve al

---

[10] Pueblo en interés menor K.J.S.R., 172 DPR 490, 500 (2007).

Tribunal de Primera Instancia para que se realice la vista en alzada provista en la Regla 6(c) de Procedimiento Criminal ante un Juez Superior.

Se dictará sentencia de conformidad.


                              Maite D. Oronoz Rodríguez
                                  Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.           CC-2016-0722     *Certiorari*

Omar Gabriel Cosme Andino

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2018.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la determinación del Tribunal de Apelaciones y se devuelve al Tribunal de Primera Instancia para que se realice la vista en alzada provista en la Regla 6(c) de Procedimiento Criminal ante un Juez Superior.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina